**GOLDBLATT et al. v. INCH.**

Docket 22640.

United States Court of Appeals
Second Circuit.

March 27, 1953.

George J. Rudnick, Brooklyn, N. Y., for petitioners.

Max Schwartz, Brooklyn, N. Y., for Isidore Zamore as trustee in bankruptcy.

Before SWAN, Chief Judge, and L. HAND and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Plaintiff below, a trustee in bankruptcy, by his complaint sought recovery from petitioners, the defendants below, of certain chattels. His amended complaint was filed on April 4, 1952. On June 30, petitioners filed an answer containing a general denial and also a counterclaim; the counterclaim was for the trustee's negligence in respect of chattels not covered by the complaint's allegations. On July 10, the district court, on the trustee's motion, struck the counterclaim. On July 14, petitioners filed a jury demand. The district court entered an order striking this demand. When petitioner recently tried to appeal from that order, we held it not appealable, and re-

fused to regard the appeal papers as a petition for a writ of mandamus. See Zamore v. Goldblatt, 2 Cir., 201 F.2d 738. Petitioners have now filed such a petition.

■ 1. We think that—as we held in Bereslavsky v. Caffey, 2 Cir., 161 F.2d 499[1] —we should entertain such a petition which alleges that a jury demand has been denied erroneously. The Supreme Court so ruled, per Holmes, J., in Ex parte Simons, 247 U.S. 231, 38 S.Ct. 497, 62 L.Ed. 1094; see also Ex parte Peterson, 253 U.S. 300, 305, 40 S.Ct. 543, 64 L.Ed. 919, and Ex parte Skinner & Eddy Corp., 265 U.S. 86, 96, 44 S.Ct. 446, 68 L.Ed. 912. True, in Ex parte Simons, the Court spoke as if the question were one of "jurisdiction," and in those days (before the Rules) it was common to talk of "equity jurisdiction"; in Roche v. Evaporated Milk Association, 319 U.S. 21, 32, 63 S.Ct. 938, 87 L.Ed. 1185, the Simons case was apparently so explained. But subsequently, in U. S. Alkali Export Association v. United States, 325 U.S. 196, 204, 65 S.Ct. 1120, 1125, 89 L.Ed. 1554, the Court expressly referred to the Simons and Peterson cases as legitimizing the use of the writ when an order "deprived a party of a trial by jury."

■ It has been suggested, however, that Ex parte Fahey, 332 U.S. 258, 260, 67 S.Ct. 1558, 91 L.Ed. 2041, has invalidated those decisions. We think not. Since the Fahey decision, we have twice treated our Bereslavsky decision as still valid. Bank Line Ltd. v. United States, 2 Cir., 163 F.2d 133; Abbe v. New York, N. H. & H. R. Co., 2 Cir., 171 F.2d 387, 388. We agree with Moore, 5 Federal Practice (2d ed.) § 39.13[3], that Fahey did not over-rule Simons, since Fahey "did not involve the question of jury or non-jury trial."[2] Moore remarks that the prerogative writs "may with propriety be utilized to review an interlocutory order determining the mode and sequence of trial in a situation that justifies an immediate review and where postponement until an appeal from a final judgment might be very prejudicial."[3] Decided since Fahey, yet in accord with Bereslavsky, are Canister Co. v. Leahy, 3 Cir., 191 F.2d 255, and In re Pan-American Life Insurance Co., 5 Cir., 188 F.2d 833, 834.[4]

■ 2. So we come to the merits of the petition. We assume, *arguendo,* that, having regard to the nature of the claims asserted in the complaint, petitioners would have been entitled to a jury trial. However, the demand here was too tardy. Rule 38(b) Fed.Rules Civ.Proc., 28 U.S.C.A., says that, in order to obtain such a trial "of right" as to "any issue," the demand must be made "not later than 10 days after the service of the last pleading directed to such issue." The last pleading directed to any issue raised by the complaint was petitioner's answer, filed June 30, denying the complaint's allegations. For the counter-claim related to a wholly distinct issue. Therefore, although we treat the order of July 10, striking the counterclaim, as the equivalent of a reply thereto, the jury demand, on July 14, was out of time, i. e., more than ten days after June 30.

Petition denied on the merits.

---

1. See also Bereslavsky v. Kloeb, 6 Cir., 162 F.2d 862; Bruckman v. Hollzer, 9 Cir., 152 F.2d 730.

2. The effect of Fahey on other types of cases we need not here consider. But see Wolfson, Extraordinary Writs in the Supreme Court, 51 Col.L.Rev. (1951) 977, 988.

3. Moore also says that courts of appeals "might properly grant review under the 'extraordinary' case concept when the

Supreme Court would be justified, by press of business and other considerations, to refuse review." See 5 Moore, pp. 747 and 744 note 7.

It happens that Moore thinks our Bereslavsky decision was correct on the merits. See 5 Moore, Federal Practice, § 38.41 (p. 326).

4. Contra, see Petsel v. Riley, 8 Cir., 192 F.2d 954; In re Chappell & Co., 1 Cir., 201 F.2d 343.