**ABRAHAMS**

v.

**FEDERATED DEPARTMENT STORES, Inc. et al.**

**Civ. No. 12103.**

United States District Court
E. D. New York.

April 9, 1954.

Martin M. Kolbrener, New York City, for plaintiff.

Joseph M. Herman, New York City, for third-party defendant, for the motion.

Thomas F. Keane, New York City, for third-party defendant, in opposition.

RAYFIEL, District Judge.

The third party defendant moved under Rule 56 of the Federal Rules of Civil

Procedure, 28 U.S.C.A. for an order granting it judgment dismissing the third party complaint herein, or, in the alternative for judgment on the pleadings pursuant to Rule 12.

The plaintiff sued the defendant, the owner of a department store in which he purchased a pair of play shoes, for damages sustained by him for personal injuries suffered when the heel of one of the shoes fell off. The complaint states two causes of action. The first is for breach of a warranty of fitness for use and the second for negligence in failing to employ competent help, in failing to properly supervise them, in failing to inspect the said play shoes and in failing to use ordinary and reasonable methods to detect the defective condition of said shoes.

The defendant as third party plaintiff, impleaded the third party defendant, the manufacturer of the said play shoes. The third party complaint alleges two causes of action. The first is for breach of the warranties of merchantable quality and fitness for use; the second is for negligence in the manufacture of the play shoes in creating or allowing the condition to exist which is alleged to have caused the plaintiff's injuries, without any active negligence on the part of the third party plaintiff.

The third party defendant has examined the plaintiff and a representative of the defendant (third party plaintiff) before trial. It contends that the plaintiff is relying on an express warranty made by an employee of the defendant to the effect that the play shoes in question could be used for playing ball, and that no such warranty was made by the third party defendant when it sold them to the third party plaintiff. Attached to its moving papers are various advertisements, inserted by the third party plaintiff and third party defendant in newspapers and trade magazines, characterizing the play shoes as suitable for "leisure wear", and it contends that that term does not include ball playing. It contends further that at the worst the third party plaintiff and third party defendant are joint feasors in pari delicto and that there can be no contribution between them.

The third party plaintiff, on the other hand, contends that it purchased the play shoes in question from the third party defendant, which manufactured them; that there was an implied warranty of merchantable quality and fitness for use which was breached when the heel fell from one of the pair of shoes which was purchased by the plaintiff; that the third party defendant was actively negligent while it, at most, was only passively negligent, in which event the plaintiff is entitled to indemnification from the third party defendant.

■ A motion for summary judgment may not be granted where there is a triable issue of fact and on a motion for judgment on the pleadings the third party complaint must be viewed in the light most favorable to the party asserting it.

■ I cannot determine the question of active and passive negligence on the affidavits submitted. The New York Court of Appeals, in the case of McFall v. Compagnie Maritime Belge, 304 N.Y. 314, 326 at page 328, 107 N.E.2d 463 at page 471, said:—"The right to indemnity, as distinguished from contribution, is not dependent upon the legislative will. It springs from a contract, express or implied, and full, not partial, reimbursement is sought. Where several tortfeasors are involved an implied contract of indemnity arises in favor of the wrongdoer who has been guilty of passive negligence, if there be such, against the one who has been actively negligent. The actively negligent tort-feasor is considered the primary or principal wrongdoer and is held responsible for his negligent act not only to the person directly injured thereby, but also to any other person indirectly harmed by being cast in damages by operation of law for the

wrongful act. Whether negligence is passive or active, is, generally speaking, a question of fact for the jury."

Accordingly the motion is denied.

Settle order on notice.