**Margaretha POLAK and Bernard Polak as Executors of the Estate of Frits J. Polak, Deceased, Plaintiffs,**

v.

**KONINKLIJKE LUCHTVAART MAAT-SCHAPPIJ N. V. KLM ROYAL DUTCH AIRLINES HOLLAND, Society Anonyme Belge d'Exploitation De La Navigation Aerienne and Lockheed Aircraft Corporation, Defendants.**

United States District Court
S. D. New York.
April 16, 1956.

## 88

Theodore E. Wolcott and Szold & Brandwen, New York City, for plaintiff Polak, etc.

Haight, Gardner, Poor & Havens, New York City, for defendants Koninklijke Luchtvaart Maatschappij N. V. KLM Royal Dutch Airlines Holland, Society Anonyme Belge d'Exploitation De La Navigation Aerienne.

Mendes & Mount, New York City, for defendant Lockheed Aircraft Corp.

PALMIERI, District Judge.

■■ This motion is addressed to the Court's discretion. The plaintiff seeks relief under Rule 39(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A., from the consequences of failure to make timely demand for a jury. See F. R.Civ.P. 38(b). Plaintiff urges that the waiver was an excusable oversight by prior counsel, for which he was not responsible. Mere inadvertence of counsel, however, is not sufficient grounds for the relief sought. See Steiger v. Mullaney, D.C.S.D.N.Y.1948, 8 F.R.D. 486; Bander v. Breslauer, D.C.S.D.N.Y.1947, 7 F.R.D. 480. The requirement of the Rules in this respect facilitates efficient administration of court business by the early allocation of cases to the appropriate calendars. Judicial discretion to permit a belated transfer to the jury calendar is not exercised lightly. 5 Moore, Federal Practice 715 et seq. ·The opinion of counsel that his predecessor erred or was negligent is not a compelling argument for this extraordinary relief. Scrinko v. Reading Co., D.C.D.N.J.1945, 117 F. Supp. 603.

Plaintiff, however, has advanced an additional consideration. This action is for wrongful death resulting from an airplane accident which gave rise to a number of similar claims. In another of them pending in this district, the plaintiff is represented by counsel for the plaintiff in this case. And counsel represents that if the motion for trial by jury in this case were granted, he would consent to a consolidation of the actions.

■■ Although the propriety of consolidation is not before me, I am constrained to give weight to plaintiff's representation. The advantages of consolidating multiple claims arising from a single accident outweigh even the considerations requiring strict enforcement of the rules on jury demand. McKnight. v. Mutual Broadcasting System, Inc., D. C.S.D.N.Y.1953, 14 F.R.D. 174. Recent. experience with the trial of such consolidated claims in this Court indicates that almost invariably the only evidence peculiar to each claim is that relating to damages. Most of the trial court's time is consumed by the trial issues common to all of the cases. Considerations of expense as well as the convenience of witnesses, litigants and the Court, and the expeditious dispatch of judicial business, impel consolidation under such circumstances.

■ Defendants' counter-argument that consolidation of jury and non-jury cases would accomplish the same desired result, cannot prevail. To require a single trial of jury and non-jury cases under these circumstances would impose an undue burden on the Court. See Gabrielson v. Public Industrials Corp., D.C.S.D.N.Y.1944, 8 F.R.Serv. 42a.311, Case 1. It is likely that such a trial would be equally burdensome to counsel.

Accordingly, I am disposed to grant the plaintiff's motion on condition that this case be consolidated with the other cases pending in this district which have arisen out of the same accident. In view of the fact that no motion for consolidation appears to be before the Court at this time, I shall reserve decision, with the understanding that if and when a motion for consolidation is granted, a proposed order may be submitted on notice by the plaintiff. It would seem appropriate for counsel to move in the Jury Calendar Part for early pre-trial proceedings and consolidation. The Clerk will be authorized upon plaintiff's request to

advise him whether any cases other than those brought to the Court's attention are pending in this district.

An order may be submitted on notice at the appropriate time.