George R. MASON, Plaintiff,

v.

BRITISH OVERSEAS AIRWAYS COR-PORATION and British West Indian Airways, Limited, Defendants.

United States District Court
S. D. New York.

Jan. 3, 1957.

On Motion for Reargument
Feb. 2, 1957.

---

Meleney, Mitchell & Dick, New York City, James L. Oakes, Brattleboro, Vt., Alexander C. Dick, New York City, of counsel, for plaintiff.

Condon & Forsyth, New York City, John H. Montgomery, Jr., New York City, of counsel, for defendants.

FREDERICK VAN PELT BRYAN, District Judge.

Plaintiff moves pursuant to Rule 39 (b), Fed.Rules Civ.Proc. 28 U.S.C.A., to be relieved of a waiver of jury trial by reason of his failure to make a timely demand as required by Rule 38, F.R.C.P.

The complaint in this negligence action was filed on May 18, 1956 and issue was joined by the service of the answer on June 18, 1956. Thus, in the ordinary course, the jury demand should have been served and filed within ten days after June 18.

The complaint was drawn by a Vermont attorney who states that it is the practice in the Vermont District to place all cases on the jury calendar as a matter of course, whether or not a demand has been made, and that therefore he did not make a jury demand.

The attorney of record for the plaintiff is a member of the New York bar and of the bar of this Court. The attorney of record, to use his own words, "mistakenly assumed that my only duty

was to file the paper and I did so without reviewing it carefully, or without reviewing the rules concerning demand for jury trial."

Plaintiff then waited for more than five months to make this motion.

The District Courts were lenient when the Federal rules were new and lawyers were unfamiliar with them, but this attitude has changed with the passage of time. The requirement of the rules with respect to jury trials facilitates the efficient administration of court business, and as a matter of judicial administration discretion ought rarely to be exercised to grant a trial by jury in default of a timely request for it. 5 Moore, Federal Practice, p. 715 et seq.; Steiger v. Mullaney, D.C.S.D.N.Y., 8 F.R.D. 486; Bander v. Breslauer, D.C.S.D.N.Y., 7 F.R.D. 480.

"Mere inadvertence of counsel * * * is not sufficient grounds for the relief sought." Polak v. Koninklijke Luchtvaart Maatschappij etc. Royal Dutch Airlines, D.C.S.D.N.Y., 19 F.R.D. 87, 88. The situation in which plaintiff finds itself is no different from the usual case of inadvertence, neglect or mistake. The Court will not exercise its discretion so as to relieve plaintiff's attorney from his failure to comply with Rule 38 under the circumstances shown here.

The motion must be denied.

On Motion for Reargument

Plaintiff's motion for reargument is granted and on reargument my original decision of January 3, 1957, is adhered to. While I am sympathetic to plaintiff's position, no grounds have been shown to justify a departure from the settled policy in this district that a party will not be relieved from a waiver of jury trial except under highly exceptional circumstances.