**Frank ATANASIO, Plaintiff,**

v.

**COSMOPOLITAN SHIPPING COMPANY, Inc., and A. S. J. Ludwig Mowinckels Rederi, Defendants.**

**Civ. No. 15137.**

United States District Court
E. D. New York.

Feb. 4, 1957.

---

Haight, Gardner, Poor & Havens, New York City, for defendant, A. S. J. Ludwig Mowinckels Rederi.

Philip F. Di Constanzo, Brooklyn, N. Y., for plaintiff.

RAYFIEL, District Judge.

·The defendant moves for an order striking this action from the Civil Jury Calendar and adding it to the Non-Jury Calendar of the Court on the ground that the demand for a jury trial was not timely.

Rule 38(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that any party may demand a trial by jury by serving "a demand therefor in writing at any time after the commencement of the action *and not later than 10 days after the service of the last pleading directed to such issue.*" (Emphasis added.)

Subdivision (d) of said Rule states that the failure to serve a demand as required thereby constitutes a waiver of a trial by jury.

Rule 39(b) of said Rules authorizes and empowers the Court *in its discretion* to order a trial by jury of the issues involved, notwithstanding the failure of a party "to demand a jury in an action in which such a demand might have been made of right."

This is an action to recover damages for personal injuries sustained by the plaintiff as a result of the alleged negligence of the defendant. The summons and complaint were filed on January 19, *1955* and served on January 21, *1955*. The answer was served on May 6, *1955*. No demand for a jury trial was endorsed on the complaint. On January 26, *1956*, more than eight months after the service of the answer, a demand for a jury trial and a note of issue for the February 1956 term were served upon the defendant's attorneys by the then attorneys for the plaintiff.

In November, 1956 Philip F. Di Constanzo, Esq., was substituted as attorney for the plaintiff in place of Cusack, McLaughlin and O'Rourke, Esqs., his former attorneys.

Plaintiff opposes defendant's motion on two grounds:

(1) that the failure of plaintiff's former attorneys to make timely demand for a jury trial was due to their unfamiliarity with the applicable federal rules, their practice being confined chiefly to the state courts.

(2) that the transfer of this action to the Non-Jury Calendar would constitute a hardship to the plaintiff since that calendar is "twice as far in arrears as is the Jury Calendar."

As to ground (1) there has not been a sufficient showing of excusable neglect. As to ground (2), inquiry at the office of the Clerk of this Court discloses that

the likelihood of a reasonably early trial of a non-jury case is scarcely less favorable than that of a jury case.

Accordingly, the defendant's motion is granted.

Settle order on notice.