**SECOND–79TH ST. COMPANY, a limited partnership, Plaintiff,**

v.

**UNITED STATES STEEL CORPORA-TION, Defendant.**

United States District Court
S. D. New York.
June 4, 1958.

Abraham Engelman, New York City, for plaintiff.

White & Case, New York City, for defendant.

EDELSTEIN, District Judge.

Plaintiff has moved, under Rule 39(b), F.R.Civ.P., 28 U.S.C.A., to be relieved of a waiver of jury trial by reason of a failure to make a timely demand as required by Rule 38, or in the alternative for an order under Rule 41(a) (2), permitting it to discontinue the action without prejudice.

The action was commenced in the Supreme Court of New York, New York County, and removed by defendant to this court on the ground of diversity of citizenship. The basis for the motion is the plaintiff's inadvertent failure to demand a trial by jury within 10 days after the service of the defendant's answer. But it is well settled that the mere statement of oversight or inadvertence does not suffice to invoke the discretion of the court. See 5 Moore's Federal Practice § 39.09, p. 719. Nor does the fact that the action was commenced in a state court and removed by the defendant alter that principle. Swindells v. Ziff-Davis Publishing Co., D.C., 15 F.R.D. 389; Strom v. Anderson, D.C., 14 F.R.D. 240. And while plaintiff in this suit for breach of contract wants to try the case to a jury, it does not appear that the issues

involved are peculiarly susceptible to a jury's determination, or that a trial to the court would be in any way inappropriate. It is the policy in this district that a party will not be relieved from a waiver of jury trial except under highly exceptional circumstances, see Mason v. British Overseas Airways Corporation, D.C., 20 F.R.D. 213, 214, and no such circumstances are apparent here.

The motion under Rule 39(b) will be denied, and by the same token, the motion under Rule 41(a) (2), directed toward obtaining the same relief, will be denied.