Alfred GOTTESMAN, Plaintiff,

Murray Knobel, Intervenor-Plaintiff,

v.

TEXAS PETROLEUM CO., Defendant.

United States District Court
S. D. New York.

Jan. 6, 1961.

Sidney Orseck, New York City, for plaintiff.

Rothstein & Korzenik, New York City, for intervenor-plaintiff.

Webster, Sheffield & Chrystie, New York City, for defendant.

MacMAHON, District Judge.

This is a motion by the plaintiff, under Rule 39(b) F.R.Civ.P., 28 U.S.C.A., for an order directing trial by jury of the issues in the action notwithstanding the failure of plaintiff to make a timely demand for a jury trial as required by Rule 38(b).

██ There is no question that this action for damages for breach of contract is one in which a demand for a jury trial might have been made as of right. The sole ground asserted by plaintiff's counsel as a basis for the exercise of the Court's discretion to relieve plaintiff from the statutory waiver imposed by Rule 38(d), F.R.C.P. is that "Through inadvertence, and purely by oversight, my secretary was under the impression that a demand for a trial of this action by jury would be timely if such jury demand was made with the service and filing of the note of issue herein, pursuant to the Rules of Civil Practice governing the New York State Supreme Court instead of Rule 38 of the Federal Rules of Civil Practice."

Reliance by a member of the bar on a layman's "impression" of federal procedures is patently inexcusable. Such neglect is not "inadvertence and mistake" calling for the extraordinary relief sought here. Timely demand for a jury trial is essential to the fair and efficient administration of justice, and a failure to comply with the rules should not be lightly excused especially where, as in this case, issue has been joined for more than two years. This Court has consistently granted such relief only where exceptional circumstances compel it. Polak v. Koninklijke Luchtvaart Maatschappij, etc., D.C.S.D.N.Y.1956, 19 F.R. D. 87; Whelan v. Covert, D.C.S.D.N.Y. 1956, 22 Federal Rules Service, 39b, Case 3, at page 568; Mason v. British Overseas Airways Corp., D.C.S.D.N.Y.1957, 20 F.R.D. 213; Steiger v. Mullaney, D.C. S.D.N.Y.1948, 8 F.R.D. 486.

Nor does the fact that the action was commenced in the state court and removed by the defendant alter this salutary principle. Second-79th St. Co. v. U. S. Steel Corp., D.C.S.D.N.Y.1958, 22 F.R.D. 98.

Accordingly, the motion is in all respects denied. So ordered.