**TRANSOCEAN AIR LINES, a corporation; Transocean Corporation of California, Orvis M. Nelson, John Costello, as Trustee of the Estate of Transocean Air Lines, a corporation (Bankrupt), Plaintiffs,**

v.

**PAN AMERICAN WORLD AIRWAYS, INC., Continental Airlines, Inc., the Boeing Company and Aviation Financial Services, Inc., Defendants.**

United States District Court
S. D. New York.
June 17, 1964.

**44**

Joy, Hallinan & Finn, New York City, for plaintiff.

Cleary, Gottlieb, Steen & Hamilton, New York City, for Pan American World Airways, Inc.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for Continental Airlines, Inc.

Debevoise, Plimpton, Lyons & Gates, New York City, for Aviation Financial Services, Inc.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for Boeing Co.

COOPER, District Judge.

Defendants move to strike the jury demand served by plaintiffs insofar as it purports to apply to issues framed by the complaint and the answers interposed.

The amended complaint was served December 19, 1963 and the last answer, that of defendant Boeing, was served on February 6, 1964. The latter contained two counterclaims. Plaintiffs' reply thereto was served on April 9, 1964. The jury demand in question was filed April 13, 1964.

The complaint, some 38 pages long, charges monopolization and restraint of trade in portions of the air transportation industry. It contains 10 claims, 5 seeking treble damages under the Sherman Act and 5 based upon common law theories of breach of contract and unfair competition.

Plaintiffs claim that the issues framed by the counterclaims and reply (to which the jury demand is concededly timely) are inextricably interwoven with two claims of the complaint against Boeing. It therefore requests this Court to exercise its discretion and permit a jury trial as to all the issues of the case. Fed. R.Civ.P. 39(b).

The Fifth claim set out in the complaint alleges that plaintiffs, in 1958, purchased four Stratocruiser aircraft from defendant Boeing; that Boeing conspired with The Babb Company, Inc. (not a defendant here) to prevent plaintiffs from obtaining spare parts for its aircraft; that because of this conspiracy, plaintiffs were forced to purchase 10 additional Stratocruiser aircraft from Boeing, with the understanding that four of

them would be used for spare parts for the remaining planes.

By reason of these contentions, plaintiffs allege that defendant Boeing is guilty of engaging in a combination and conspiracy to restrain interstate and foreign commerce in violation of Section 1 of the Sherman Act; and of a conspiracy to monopolize a segment of interstate and foreign commerce in violation of Section 2 of the Sherman Act.

The Ninth claim alleges the same acts of Boeing, and charges that they constitute slander of property, malicious interference with business relations and unfair competition.

The counterclaim of Boeing alleges nonpayment by plaintiffs of three promissory notes and a small amount for spare parts and services, totalling $4,510,548.-74.

The reply generally denies the counterclaims, except admits that some amount is due to Boeing.

Rule 38(b) of the Fed.R.Civ.P. provides that a demand for a jury trial must be served "not later than 10 days after the service of the last pleading directed to such issue." Failure to comply with this rule constitutes a waiver of trial by jury. Fed.R.Civ.P. 38(d).

The requirements of these rules are strictly enforced, especially by this Court, Goldblatt v. Inch, 203 F.2d 79 (2d Cir. 1953); Gottesman v. Texas Petroleum Co., 26 F.R.D. 623 (S.D.N.Y. 1961); Mason v. British Overseas Airways Corp., 20 F.R.D. 213 (S.D.N.Y. 1957), and a waiver from this default, pursuant to Rule 39, will not be granted, "except under highly exceptional circumstances * * *." Second—79th St. Co. v. United States Steel Corp., 22 F.R.D. 98, 99 (S.D.N.Y.1958). There is no longer any occasion to indulge any presumption against waiver. 5 Moore's Federal Practices pps. 334–335.

Where the issues raised by the counterclaim and reply are essentially similar to those in the complaint, a jury demand, timely as to the former but not the latter, will extend to all the issues in the case. Binger v. Unger, 7 F.R.D. 121 (S.D.N.Y.1946); Goldblatt v. Inch, supra.

Here, the issue of non-payment raised by the counterclaim is quite simple, and presents no complex factual situation to the trier of the facts.

The Fifth and Ninth claims in the complaint, while alleging conduct which might present a real defense to payment of a promissory note, are highly complex, involving issues not even remotely connected with those presented by the counterclaim and reply. Goldblatt v. Inch, supra.

Indeed, in an anti-trust suit of this nature, fair and efficient administration of justice dictate that relief from the waiver be denied.

Accordingly, the motion is granted.

The foregoing shall be considered an order; no settlement thereof is necessary.

So ordered.