**Samuel LEVE, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

United States District Court
S. D. New York.

Dec. 13, 1965.

Joseph J. Einhorn, New York City, for plaintiff.

Edward B. Wallace, New York City, for defendant; Joseph G. Wackerman, New York City, of counsel.

WEINFELD, District Judge.

The defendant moves to vacate plaintiff's demand for a jury trial on the ground of its untimeliness. The action was commenced by plaintiff in the Supreme Court of the State of New York on July 26, 1965. It was removed to this Court on August 11 on defendant's petition; simultaneously the defendant served its answer.

Rule 81(c) of the Federal Rules of Civil Procedure requires that a party demand a jury trial within ten days after the service on him of the notice of filing of the removal petition. Rule 38(b) requires a jury demand be served ten days after service of the last pleading. Plaintiff failed to file a jury demand within the period as required by the foregoing rules. However, on August 19 plaintiff moved to remand the action to the State Court. The motion was denied on October 15. Leve v. General Motors Corp., 246 F.Supp. 761 (S.D.N.Y.1965). Then on November 8 plaintiff served his demand for a jury trial, which is the subject of this motion.

The plaintiff contends that his demand was timely. He relies on a further provision of Rule 81(c): "If state law applicable in the court from which the case is removed *does not require* the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time * * *." [Emphasis supplied.]

The difficulty with plaintiff's position is that New York law "does require" an express demand for jury tri-

als.[1] In an attempt to establish that New York law does not require express jury demands, plaintiff points to CPLR § 4102(d),[2] which gives the Appellate Division of each department, by appropriate rule, power to dispense with the requirement of an express demand. But his reliance on this section is misplaced, since the Appellate Division of this Department has never promulgated a rule.

■■ Plaintiff further contends that since at the time of the removal of the case no note of issue had been filed in the State Court, his right to a jury trial there was preserved without an express demand. Consequently, he argues that New York is a state which, within the intendment of 81(c), does not require parties to make "express demands" for jury trials and that, since the order of the District Court denying remand did not contain a provision fixing a time within which the parties were to demand a jury trial, his instant demand was seasonably filed. This construction, if accepted, would extend Rule 81(c) beyond its express language and make it applicable even in instances where, under a state law, an express demand for a jury trial is required, but where the demand was neither required nor made by the time of removal.[3] Plaintiff's contention that if the Rule is not so extended he is deprived of his constitutional right to a jury trial is without substance.[4] His right was not denied. He had but to follow the prescribed procedure. His failure to do so waived the right.

■ Plaintiff asks, if it be found that by reason of lack of timely demand he waived his right to trial by jury, that the Court, in the exercise of its discretion, relieve him of the waiver and grant a jury trial as authorized by Rule 39(b). Failure to make a seasonable demand for a jury trial has not been deemed sufficient, in and of itself, to invoke the Court's discretion.[5] Generally it has been held that extraordinary circumstances should appear.[6] Nor is the pres-

---

1. N.Y. CPLR § 4102(a) provides:
   "§ 4102. Demand and waiver of trial by jury; specification of issues
   (a) Demand. Any party may demand a trial by jury of any issue of fact triable of right by a jury, by serving upon all other parties and filing a note of issue containing a demand for trial by jury. Any party served with a note of issue not containing such a demand may demand a trial by jury by serving upon each party a demand for a trial by jury and filing such demand in the office where the note of issue was filed within ten days after service of the note of issue. A demand shall not be accepted for filing unless a note of issue is filed in the action. If no party shall demand a trial by jury as provided herein, the right to trial by jury shall be deemed waived by all parties. A party may not withdraw a demand for trial by jury without the consent of the other parties."

2. N.Y. CPLR § 4102(d) provides:
   "(d) Local Rules. The appellate division in each department may by rule applicable in all or part of the department provide that a party shall be deemed to have demanded trial by jury by filing a note of issue not containing an express waiver of trial by jury."

3. See McRae v. Arabian American Oil Co., 34 F.R.D. 513 (S.D.N.Y.1964).

4. Cf. General Tire & Rubber Co. v. Watkins, 331 F.2d 192, 197 (4th Cir.), cert. denied, 377 U.S. 952, 84 S.Ct. 1629, 12 L.Ed.2d 498 (1964); Wilson v. Corning Glass Works, 195 F.2d 825, 827 (9th Cir. 1952); 5 Moore, Federal Practice ¶ 38.43, at 336 (2d ed. 1964).

5. Second-79th St. Co. v. United States Steel Corp., 22 F.R.D. 98 (S.D.N.Y. 1958); Mason v. British Overseas Airways Corp., 20 F.R.D. 213 (S.D.N.Y. 1957); Polak v. Koninklijke Luchtvaart Maatschappij, 19 F.R.D. 87 (S.D.N.Y. 1956); Steiger v. Mullaney, 8 F.R.D. 486 (S.D.N.Y.1948); 5 Moore, Federal Practice ¶ 39.09, at 715–16 (2d ed. 1964).

6. Transocean Air Lines v. Pan American World Airways, Inc., 36 F.R.D. 43 (S.D. N.Y.1964); Gottesman v. Texas Petroleum Co., 26 F.R.D. 623 (S.D.N.Y.1961); Second-79th St. Co. v. United States Steel Corp., 22 F.R.D. 98 (S.D.N.Y.1958).

ent matter one where the factual issues are especially susceptible to jury determination.[7]

The defendant's motion to strike plaintiff's jury demand is granted.

---

7. Compare S.S. Kresge Co. v. Holland, 158 F.2d 495, 497 (6th Cir. 1946) (personal injury action—jury trial granted), with William Goldman Theatres, Inc. v. Kirkpatrick, 154 F.2d 66, 69 (3d Cir. 1946) (intricate damage issue—jury trial denied); Transocean Air Lines v. Pan American World Airways, Inc., 36 F.R.D. 43, 45 (S.D.N.Y.1964) (antitrust action —jury trial denied); Second-79th St. Co. v. United States Steel Corp., 22 F.R.D. 98 (S.D.N.Y.1958) (suit for breach of contract—jury trial denied).