**SOUTHERN EQUIPMENT COMPANY, EASTERN DIVISION, INC.,**
Plaintiff,

v.

**Allen D. CHRISTENSEN et al.,**
Defendants.

**No. 65 Civ. 2920.**

United States District Court
S. D. New York.

Jan. 24, 1966.

Donald F. X. Finn, New York City, for plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendants Christensen, Beck and Better Living Building Associates.

Becker & Goldstein, New York City, for defendant Edward H. Burdick Associates, Inc.

7. Katchen v. Landy, supra, 86 S.Ct. 684.

BONSAL, District Judge.

██ Defendants Christensen, Beck, Better Living Building Associates and Edward H. Burdick Associates, Inc. move pursuant to Rule 38(b) and (d) of the Federal Rules of Civil Procedure for an order striking plaintiff's demand for jury trial as untimely. The jury demand was served on November 17, 1965, 21 days after service of the last answer to the original complaint but within 10 days of the defendants' answers to the amended complaint. Unless the amended complaint changed the nature of the action, the jury demand was untimely. Alcoa S. S. Co. v. Ryan, 211 F.2d 576 (2d Cir. 1954). An examination of the complaint and amended complaint indicates that the first cause of action for goods sold and delivered is substantially the same in both. The second cause of action in the original complaint charges that defendants "have maliciously and wilfully failed and refused to pay for any of the goods sold and delivered or services rendered as part of a concerted plan and conspiracy to defraud, delay and hinder creditors including the plaintiff". The second cause of action was dismissed by the court with leave to the plaintiff to serve an amended complaint. The second cause of action in the amended complaint reiterates the same cause of action, with the exception that it alleges that other unnamed persons besides the defendants engaged in the conspiracy, and details in conclusory fashion the manner in which the alleged conspiracy was carried out. The issue of whether the defendants conspired to defraud, delay and hinder creditors, including the plaintiff, is identical in both the complaint and the amended complaint, so that the latter presented no new issue. Therefore, service of the amended complaint did not extend plaintiff's time to demand a jury trial.

Plaintiff was 11 days late in filing its jury demand, and the papers show no valid reason why the court should exercise its discretion to permit the jury demand to stand. On the contrary, the papers indicate that the court should follow the rule in this circuit that demands for jury trial must be timely. Goldblatt v. Inch, 203 F.2d 79 (2d Cir. 1953); Transocean Air Lines v. Pan American World Airways, Inc., 36 F.R.D. 43 (S.D.N.Y. 1964), pet. for mandamus denied, sub nom. Transocean Air Lines v. Cooper (C.A.2, Oct. 5, 1964), cert. denied, 380 U.S. 932, 85 S.Ct. 937, 13 L.Ed.2d 820 (1965).

Motion striking plaintiff's demand for jury trial as untimely is granted.

It is so ordered.