**James CATALDO, Plaintiff,**

**v.**

**E. I. DU PONT DE NEMOURS & CO., and Brunswick Corporation, Defendants.**

United States District Court
S. D. New York.
Feb. 11, 1966.

Seymour P. Schulman, New York City, for plaintiff, Seymour P. Schulman and Donald E. Klein, New York City, of counsel.

Townley, Updike, Carter & Rodgers, New York City, for defendant Du Pont, Philip D. Pakula and W. Wright Danenbarger, New York City, of counsel.

Hartsell & Harrington, New York City, for defendant Brunswick Corp., George W. Harrington, New York City, of counsel.

HERLANDS, District Judge:

Plaintiff has moved for an order (1) granting him leave to amend his complaint, pursuant to Fed.R.Civ.P. 15(a), and (2) granting him a trial by jury of his "cause of action" based on negligence, pursuant to Fed.R.Civ.P. 39(b). Defendant E. I. Du Pont De Nemours & Co. [hereinafter "Du Pont"] has cross-moved for an order, pursuant to Fed.R. Civ.P. 38(d), striking plaintiff's jury demand from his proposed second amended complaint.

On March 16, 1965, plaintiff filed a complaint which, demanding damages from both defendants, alleged that he had been injured by the explosion of a can of lacquer defendants Du Pont and Brunswick Corporation [hereinafter "Brunswick"] had negligently manufactured, packaged, labeled and sold. On March 31, 1965, prior to the service of an answer by either defendant, plaintiff filed an amended complaint which was identical to his original complaint except for a correction of the corporate name of Brunswick. On May 20, 1965, Brunswick served its answer to the amended complaint, putting in issue all of the allegations upon which liability was predicated. On June 7, 1965, Du Pont similarly served an answer to the amended complaint and also served a cross-claim against Brunswick. On June 10, 1965, Brunswick served its answer to Du Pont's cross-claim. There have been no further pleadings as of this date.

Plaintiff did not indorse a jury demand upon his original complaint nor upon his amended complaint. Nor did he serve a jury demand within ten days after service of the last pleading addressed to the issues raised by the complaint and the amended complaint. Neither Du Pont nor Brunswick served a jury demand. On November 17, 1965,

plaintiff filed the motion presently under consideration.

There being no opposition to that part of plaintiff's motion seeking leave to amend his first amended complaint, pursuant to Fed.R.Civ.P. 15(a), the court grants plaintiff leave to amend his complaint in the manner specified in his proposed second amended complaint. (See affidavit of Philip D. Pakula, attorney for Du Pont, at p. 1.)

Plaintiff has included in his proposed second amended complaint what he has denominated a "second cause of action" which sets forth a theory of recovery predicated upon breach of warranty, and has indorsed a demand for trial by jury upon his proposed second amended complaint.

Plaintiff contends that, once the court has granted him leave to include the "cause of action" predicated upon breach of warranty in his complaint, he is entitled, as of right, to a jury trial on that "issue" under the provisions of Fed. R.Civ.P. 38(b). He also seeks relief from his waiver of a jury trial as to his original "cause of action" predicated upon negligence by asking the court to exercise its discretion, pursuant to Fed.R. Civ.P. 39(b), to order a trial by jury notwithstanding the failure to make a timely jury demand on that issue. He reasons that "in view of the fact that the plaintiff's claim based upon the theory of breach of warranty will be tried before a jury, his claim based upon negligence should be submitted to the same triers of facts" (Plaintiff's memorandum in support of its motion, at p. 5), and that the defendants will not be prejudiced in any manner if he is relieved of his waiver. (Plaintiff's memorandum in opposition to Du Pont's motion, at pp. 2–3.)

Fed.R.Civ.P. 38(b) provides:

"(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

The parties are in agreement that, if the second amended complaint introduces a new "issue," within the meaning of Fed.R.Civ.P. 38(b), then plaintiff is entitled to a jury trial on that issue as a matter of right because the indorsement upon the second amended complaint would constitute a timely demand for a jury trial. The bone of contention between the parties is whether the new "cause of action" for breach of warranty introduces any new "issue" within the meaning of Fed.R.Civ.P. 38(b).

Plaintiff concedes that the addition of the breach of warranty "cause of action" does no more than "set forth a different theory of liability arising out of the facts set forth in the original complaint." (Plaintiff's memorandum in support of its motion, at p. 3.) However, he argues, citing only Goldberg v. Kollsman Instrument Corp., 12 N.Y.2d 432, 436, 240 N.Y.S.2d 592, 594–595, 191 N.E.2d 81 (1963), that "this issue is different from that to be decided in a suit in negligence" (Plaintiff's memorandum in opposition to Du Pont's motion, at p. 2), and he concludes, therefore, that he is entitled to a jury trial on that issue as a matter of right.

Du Pont, while conceding that the proposed second amended complaint adds a new legal theory, takes the position that Fed.R.Civ.P. 38(b) contemplates a right to trial by jury in a situation such as the one presently before us only as to "new jury issues" or "new issues of fact." (Du Pont memorandum, at p. 5.) Du Pont argues persuasively that no new evidentiary facts will be adduced before the trier of fact in support of the breach of warranty theory than would be introduced in support of the negligence theory. (Du Pont memorandum, at pp. 6–9.)

It becomes apparent that the initial question for decision by the court is whether the addition of a new legal theory in an amended complaint, which is based on substantially the same evidentiary facts underlying the original complaint, raises a new "issue" within the meaning of Fed.R.Civ.P. 38(b). The court concludes that it does. Despite the fact that the underlying evidentiary facts are arguably substantially the same, the ultimate issue for decision is different. Compare Bereslavsky v. Kloeb, 162 F.2d 862, 864 (6th Cir.), cert. denied, 332 U.S. 816, 68 S.Ct. 156, 92 L.Ed. 393 (1947), and Bereslavsky v. Caffey, 161 F.2d 499 (2d Cir.), cert. denied, 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355 (1947), and Munkacsy v. Warner Bros. Pictures, Inc., 2 F.R.D. 380 (E.D.N.Y.1942), and Mealy v. Fidelity Nat. Bank, 2 F.R.D. 339 (E.D.N.Y.1942), and Lader v. Dahlberg, 2 F.R.D. 49 (S.D.N.Y.1941), and Waldo Theatre Corp. v. Dondis, 1 F.R.D. 685 (D.Me.1941), with Connecticut Gen. Life Ins. Co. v. Breslin, 332 F.2d 928, 931 (5th Cir. 1964), and Swofford v. B & W, Inc., 34 F.R.D. 15 (S.D.Tex.1963), aff'd, 336 F.2d 406 (5th Cir. 1964), cert. denied, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed. 2d 557 (1965), and Ridge Theatre Corp. v. United Artists Corp., 27 F.R.D. 8, 10 (E.D.Pa.1961), and Reeves v. Pennsylvania R. R., 9 F.R.D. 487, 488 (D.Del. 1949). Plaintiff is entitled to a jury trial on this new issue as a matter of right.

Plaintiff's attorney explains the waiver of a jury trial on the negligence issue by the following statement:

"By way of explanation rather than excuse, I wish to advise the court that there was no intent to waive my client's right to a trial by jury in this action; I assumed that in accordance with the practice in the courts of the State of New York a jury trial should be demanded as of right at the time a Note of Issue was filed herein." (Affidavit of Seymour P. Schulman, at p. 2.)

Plaintiff seeks relief from its "inadvertent" waiver by asking the court to exercise its discretion, pursuant to Fed.R. Civ.P. 39(b).

It is well settled in this district that the mere fact that the waiver of a jury trial was inadvertent is insufficient as a ground for the court to exercise its discretion and relieve a party from that waiver. See, e. g., Transocean Air Lines v. Pan American World Airways, Inc., 36 F.R.D. 43, 45 (S.D.N.Y. 1964); Gottesman v. Texas Petroleum Co., 26 F.R.D. 623 (S.D.N.Y.1961); Second-79th St. Co., v. United States Steel Corp., 22 F.R.D. 98 (S.D.N.Y. 1958); Mason v. British Overseas Airways Corp., 20 F.R.D. 213 (S.D.N.Y. 1957); Polak v. Koninklijke Luchtvaart Maatschappij N. V. KLM Royal Dutch Airlines, 19 F.R.D. 87 (S.D.N.Y.1956); Steiger v. Mullaney, 8 F.R.D. 486 (S.D. N.Y.1948). But see Hargreaves v. Roxy Theatre, Inc., 1 F.R.D. 537 (S.D.N.Y. 1940). Cf. Atanasio v. Cosmopolitan Shipping Co., 20 F.R.D. 363 (E.D.N.Y. 1957). However, where, as here, there is an additional consideration; namely, the fact that there will be a jury trial of some of the issues in an action, the court may, in its discretion, order a jury trial of all of the issues in that action. See, e. g., Polak v. Koninklijke, etc., supra 19 F.R.D. at 88; McKnight v. Mutual Broadcasting System, Inc., 14 F.R.D. 174 (S.D.N.Y.1953); Consolidated Fisheries Co. v. Fairbanks Morse & Co., 9 F.R.D. 539 (E.D.Pa.1949); Spiro v. Pennsylvania R. R., 3 F.R.D. 351 (S.D.N.Y. 1942). The court finds that, in the interests of judicial administration, there should be a trial of both the breach of warranty issue and the negligence issue before the same trier of fact. Therefore, in the exercise of its discretion, pursuant to Fed.R.Civ.P. 39(b), the court orders a trial by jury of the negligence issue.

So ordered.