Rosaleen LYNCH, Plaintiff,

v.

**CONSOLIDATED RAIL CORPORATION**
**and National Railroad Passenger**
**Corporation, Defendants.**

No. 77 Civ. 934(MP).

United States District Court,
S. D. New York.

Aug. 26, 1977.

Joseph Lloyd Barnett, New York City, for plaintiff.

Bleakley, Platt, Schmidt & Fritz, New York City, for defendants; Robert L. Conkling, Robert P. Shaughnessy, Christopher G. FitzPatrick, New York City, of counsel.

POLLACK, District Judge.

Plaintiff has moved, pursuant to Rules 39(b) and 81(c) of the Federal Rules of Civil Procedure, for an order permitting trial by jury in this removed negligence action. No jury demand was made either in the state court or during the pendency of the action in the federal court until the eve of trial and the retention of trial counsel for the plaintiff.

This action was commenced in the Supreme Court of the State of New York, New York County, in January of 1977. On February 25, 1977, the defendants filed a petition for removal and the action was duly removed to this Court on the ground of diversity of citizenship. No answer had been interposed by the defendants in the state court. On March 7, 1977 the defendants filed their answer herein. Pretrial conferences were held in this case and on June 20, 1977 the Court scheduled the case for trial for August 29th. No request had been made up to that time for a jury trial by any of the parties. On July 28, 1977 in a meeting in the Court's Chambers, the plaintiff's counsel stated that another lawyer would be trial counsel for the plaintiff and that the other lawyer wanted the case to be tried before a jury. He was told there was no reason for the delayed request; there was no claim of inadvertence or oversight;

and that a jury had been waived under the rules. Two weeks later, on August 10, 1977, the plaintiff filed non jury proposed findings of fact and conclusions of law and served the defendants with a copy thereof. On August 12, 1977, the defendants filed counterproposals of fact and conclusions of law. Thereafter, on August 17, 1977, plaintiff filed two separate papers, namely, the instant motion, and a demand for a "trial by jury pursuant to FRCP 81."

Defendants were served with these papers on or about August 16, 1977.

■ Under the rules the plaintiff has waived trial by jury and in the Court's discretion a trial by a jury is denied.

From 1949 until 1963, Rule 81(c) Fed.R. Civ.P. provided in pertinent part as follows:

These rules apply to civil actions removed to the United States district courts . . and govern procedure after removal. . . . If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if his demand therefor is served within 10 days after the petition for removal is filed if he is the petitioner, or if he is not the petitioner within 10 days after service on him of the notice of filing the petition.

Under the Rule, then, in a case such as this one where all necessary pleadings were *not* filed prior to removal, the timeliness of a demand for a jury trial is governed by the usual provision contained in Rule 38(b) which requires that a demand for a jury trial, to be timely, be served upon the other parties "not later than 10 days after the service of the last pleading directed to such issue."

However, "notwithstanding the failure of a party to [timely] demand a jury . . . the Court in its discretion upon motion may order a trial by jury of any or all issues." Rule 39(b) Fed.R.Civ.P.

■ It is firmly established in this Circuit that the trial judge's discretion under Rule 39(b) is limited:

[M]ere inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b). . . . [T]he area open to the judge's discretion has shrunk to determining whether the moving party's showing *beyond* mere inadvertence is sufficient to justify relief. *Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 70 (2d Cir. 1967) (Friendly, J.). *Accord, Galella v. Onassis,* 487 F.2d 986, 996–97 (2d Cir. 1973).

■ The plaintiff suggests that the recent decision of *Higgins v. Boeing Co.,* 526 F.2d 1004, 1007 (2d Cir. 1975) has carved out an exception to the foregoing based upon amendments to the Rule in 1963. Namely, that state law governs the discretionary grant of a jury trial where the demand therefor has been untimely.

In 1963, Rule 81(c) was amended by the addition of the following language to that already quoted above:

A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury * * *

Rule 81(c) Fed.R.Civ.P.

These amendments do not aid the plaintiff herein since New York does require an express demand for a trial by jury, N.Y.C.P. L.R. 4102(a). The 1963 amendment to the federal rules is irrelevant to this case insofar as concerns a jury trial as matter of right. This is precisely the holding of Judge Weinfeld in *Leve v. General Motors Corp.,* 248 F.Supp. 344, 345–46 (S.D.N.Y. 1965). However, the *Higgins* case, *cit. supra,* suggests that in a removed suit under the 1963 amendment to the federal rules discretion is to be exercised in pursuance of the state and not the federal standard in respect to a request for a jury trial. Further, that under state law, a party may be

relieved from failure to comply with the conditions for a jury trial "if no undue prejudice to the rights of another party would result." N.Y.C.P.L.R. 4102(e).

However, whether the test is that indicated by the earlier federal Court of Appeals rulings that there must be a showing beyond mere inadvertence or whether the test is absence or undue prejudice to the rights of another party, the plaintiff in the Court's discretion herein fails to meet either test. Both sides have throughout the litigation and until the eleventh hour before trial prepared the case and their witnesses and strategies as if this were to be a non-jury trial including the submission of proposed findings of fact and conclusions of law for purposes of a non-jury trial. In the Court's judgment the defendant would be unduly prejudiced to undergo a change of its preparation a day or two before the trial date which was fixed so long ago.

Accordingly, the motion for a jury trial is in all respects denied.

SO ORDERED.