**Lucille BERGER, Plaintiff,**

v.

**GOODYEAR TIRE AND RUBBER COMPANY and Goodyear Service Stores, Defendants.**

**No. 78 Civ. 5884 (CHT).**

United States District Court,
S. D. New York.

June 7, 1979.

Kuslansky & Dorfman, Brooklyn, N. Y., for plaintiff; Milton Kuslansky, Brooklyn, N. Y., of counsel.

Rivkin, Leff & Sherman, Garden City, N. Y., for defendants; Donald T. McMillan, New York City, of counsel.

OPINION

TENNEY, District Judge.

In this removed personal injury action, defendants Goodyear Tire and Rubber Co. and Goodyear Service Stores (together re-

ferred to as "Goodyear") move pursuant to Rule 38 of the Federal Rules of Civil Procedure ("Rules") for an order striking plaintiff Berger's demand for a trial by jury on the ground that she waived her right to a jury trial by failing timely to serve such a demand. Berger cross-moves pursuant to Rule 39(b) for discretionary relief granting her a jury trial. For the reasons given below, Goodyear's motion is denied and Berger's motion is granted.

### Background

Berger served Goodyear on November 8, 1978 with a summons, commencing this action in the New York State Supreme Court. She served her complaint on November 29, 1978. On December 8, 1978, Goodyear removed the action to this court, and on the same date it served its answer. On January 5, 1979, Goodyear received Berger's demand for a jury trial, dated January 3.

Goodyear argues that Berger's demand for a jury trial was untimely because she failed to make her demand by December 18, 1978—ten days after service on December 8 of the last pleading directed to such issue—and that she thereby waived her right to a jury trial. It contends that the Court lacks the discretionary power to cure this waiver because Berger has offered no excuse for her untimeliness beyond mere inadvertence, specifically, counsel's unfamiliarity with federal practice. Secondly, Goodyear argues that Rule 81(c), which governs removed actions, does not cure Berger's waiver because the rule is inapplicable by its language: all necessary pleadings were served by the time of removal on December 8, 1978, giving Berger only ten days from that date to serve her demand; and because New York *does* require an express demand for a jury trial, she is not excused from doing so in federal court.

Berger, in support of her motion and in opposition to Goodyear's, offers three arguments: her attorney filed a jury demand as soon as he became aware that he had to— his ignorance allegedly based on the fact that he and his partner are admitted to practice in the Eastern District of New

York, but not in the Southern District; the action involves factual issues particularly suited to a jury determination; and Goodyear cannot possibly have been prejudiced. In response, Goodyear points out that the Federal Rules apply in the Eastern District as well as in the Southern District and that unfamiliarity with federal practice would not in this case serve as a basis for a discretionary cure of Berger's waiver.

### Discussion

Berger's excuses for failure to file a timely demand for a jury trial are plainly insufficient under Rule 39(b) to allow the Court to cure the waiver. "[T]he area open to the judge's discretion [under Rule 39(b)] has shrunk to determining whether the moving party's showing *beyond* mere inadvertence is sufficient to justify relief." *Noonan v. Cunard Steamship Co.*, 375 F.2d 69, 70 (2d Cir. 1967) (Friendly, J.) (original emphasis); *accord, Galella v. Onassis,* 487 F.2d 986, 996–97 (2d Cir. 1973) (Smith, J.).

Rule 81(c), however, governs this removed action, and the Court will construe Berger's arguments as if made under this rule. Rule 81(c) provides in part:

A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. . . . The failure of a party to make demand as directed constitutes a waiver by him of trial by jury.

The rule does not on its face appear to aid Berger. First, prior to removal she did not make an express demand for trial by jury in accordance with state law and thereby earn an excuse from making a demand in this court. Second, New York does require an express demand for trial by jury, N.Y.C.P. L.R. § 4102(a) (McKinney Supp.1978); N.Y. Court Rules § 660.4(c) (West 1978) (New

**116**

York and Bronx Counties); accordingly, Berger is not excused on this ground from making a timely demand after removal in order to preserve her right to a jury trial. *Lynch v. Consolidated Rail Corp.,* 76 F.R.D. 147, 148 (S.D.N.Y.1977) (Pollack, J.); *Leve v. General Motors Corp.,* 248 F.Supp. 344, 345–46 (S.D.N.Y.1965) (Weinfeld, J.).

■ Despite the apparent inapplicability of Rule 81(c) to this case, the Court is not foreclosed from granting Berger discretionary relief. The Court of Appeals for the Second Circuit, in addressing the language of the rule as quoted above, concluded that discretion, as guided by the applicable state law, must be read into the language. *Higgins v. Boeing Co.,* 526 F.2d 1004, 1007 (2d Cir. 1975) (per curiam). Under N.Y.C.P. L.R. § 4102(e), "[t]he court may relieve a party from the effect of failing to [demand a jury trial in compliance] with this section if no undue prejudice to the rights of another party would result." Under that liberal standard, the Court concludes that it should grant Berger discretionary relief from her failure to make a timely demand for a jury trial. However careless the error, the failure was a product of mistake—inadvertence—and not of an intentional waiver of a jury trial. *See Chemical Bank v. 1364 Dean Street Corp.,* 53 A.D.2d 882, 385 N.Y.S.2d 382 (2d Dep't 1976) (mem.). Moreover, Goodyear has not been prejudiced by the late demand: Berger made her demand less than three weeks after the last day it could have been made as a matter of right and not on the eve of trial, as in *Lynch, supra.*

Accordingly, Berger's cross-motion demanding a jury trial is granted in the Court's discretion and, a fortiori, Goodyear's motion to strike plaintiff's demand for a jury trial is denied.

So ordered.