Harvey J. VAN ZANDT, Plaintiff,

v.

UNIROYAL, INC., PEERLESS TIRE DIVISION, Defendant and Third-Party Plaintiff,

v.

TIRE ASSOCIATES, INC., Third-Party Defendant.

No. CIV–81–211B(C).

United States District Court,
W. D. New York.

Jan. 8, 1982.

Malarney & Holtzberg, Rochester, N.Y. (Michael W. Malarney, Rochester, N.Y., of counsel), for plaintiff.

Nixon, Hargrave, Devans & Doyle, Rochester, N.Y. (Harry P. Trueheart III, Rochester, N.Y., of counsel), for defendant and third-party plaintiff Uniroyal, Inc., Peerless Tire Division.

Winchell, Connors & Concoran, Rochester, N.Y. (Charles A. Hall, Rochester, N.Y., of counsel), for third-party defendant Tire Associates, Inc.

CURTIN, Chief Judge.

Currently before the court in this personal injury and product liability action is plaintiff's motion requesting that a jury trial be granted pursuant to Rule 39 of the Federal Rules of Civil Procedure. Defendant opposes the motion.

Under the Federal Rules of Civil Procedure, a demand for a jury trial must be made within 10 days "after the service of the last pleading directed to such issue." Rule 38(b). Pursuant to Rule 39(b), a district court retains the power to order a trial by jury despite a party's failure to make a demand. In this circuit, however, the court's discretionary power under Rule 39(b) has been strictly limited. The United States Court of Appeals for the Second Circuit has held that "mere inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b)" and that "the area open to the judge's discretion has shrunk to determining whether the moving party's showing beyond mere inadvertence is sufficient to justify relief." *Noonan v. Cunard Steamship Co.*, 375 F.2d 69, 70 (2d Cir. 1967).

■ Although this action was filed on March 3, 1981, and removed to federal court on March 24, 1981, the defendant's answer was not filed until June 17, 1981. Plaintiff should have filed his jury demand on or before June 27, 1981, but did not do so until September 3, 1981. Plaintiff states his unfamiliarity with federal practice and his expectation that the case would be remanded to New York State court as his reasons for failing to make a timely demand. It is clear that these are not acceptable excuses and do not warrant the exercise of discretion under Rule 39(b). *See Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973); *Leve v. General Motors Corp.*, 248 F.Supp. 344 (S.D. N.Y.1965).

If jurisdiction in this case were based upon federal law, I would be compelled to reject the plaintiff's request and deny the motion. Because the case was removed from state court and jurisdiction is founded upon diversity of citizenship, 28 U.S.C. §§ 1332 and 1446, we must also consider Rule 81(c) and the effects of the New York jury request statute, New York C.P.L.R. § 4102, as well as Rules 38 and 39.

Civil Practice Law and Rules, section 4102(a), provides that a demand for jury trial need not be made until a "note of issue" is filed with the court at the end of discovery signaling that the case is ready for trial. Rule 81(c) of the Federal Rules of Civil Procedure states:

If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if his demand therefor is served within 10 days after the petition for removal is filed if he is the petitioner, or if he is not the petitioner within 10 days after service on him of the notice of filing the petition.

\*    \*    \*    \*    \*    \*

If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury.

■ Defendant contends that Rule 81(c) is not relevant to the instant case because its provisions apply only in cases where all necessary pleadings were filed prior to the time of removal. The defendant's argument is that the issue should be governed solely by application of the Federal Rules and the case law that has developed under Rules 38 and 39(b). This argument must fail because it does not take into account the 1963 amendment to Rule 81(c) as interpreted by the United States Court of Appeals for the Second Circuit in the leading case of *Higgins v. Boeing Co.*, 526 F.2d 1004 (2d Cir. 1975).

In *Higgins v. Boeing Co.*, the Second Circuit held that the language of the amendment which exempts a party from making a formal jury demand if no such demand is required in the state from which the claim was removed does not include the New York procedure. Since C.P.L.R. § 4102(a) does require a specific jury demand, albeit at a time later than required by Rule 38(b), New York is not within the "saving" provision of Rule 81(c).

■ The court noted, however, the existence of a saving provision within the New York statute, C.P.L.R. § 4102(e). This section provides:

> The court may relieve a party from the effects of failing to comply with this section if no undue prejudice to the rights of another party would result.

The court characterized the question of the interrelation of Rule 81(c) and C.P.L.R. § 4102(e) as a "gray area" and held that "this discretionary right must be read into the language of Rule 81(c)." *Id.* at 1007. While the exact parameters of the application of section 4102(e) to Rule 81(c) may not be settled, it appears that the New York statute operates to broaden the discretion of the district court pursuant to Rule 39(b) in cases removed from State Supreme Court. *See Lynch v. Consolidated Rail Corp.*, 76 F.R.D. 147 (S.D.N.Y.1977); *Berger v. Goodyear Tire and Rubber Co.*, 83 F.R.D. 114 (S.D.N.Y.1979).

■ This is an action which is traditionally triable by a jury. At the time the plaintiff's jury request was filed, depositions had not begun, and discovery is only now commencing in earnest. In view of these circumstances, the court finds that no undue prejudice will result to the defendant if the case is tried to a jury. Accordingly, in discretion, I will grant the plaintiff's motion.

So ordered.