I concur with the majority that Jackson has a right to trial by jury on her wantonness claim, but I disagree with the majority in its determination that Jackson does not have the right to a trial by jury on her negligence claim.
The undisputed facts are that Jackson was injured when her automobile was struck by a motor vehicle driven by a drunk driver, namely, Robert Landrum. Jackson collected $13,445 from her insurer, Southern United Fire Insurance Company ("Southern"). Without notifying Jackson, Southern, as Jackson's subrogee, sued Landrum for reimbursement for the $13,445, plus $250, which represented Jackson's deductible; it sued under only a negligence theory. Although Jackson was a named plaintiff on Southern's complaint, she was not notified of the action. Southern did not demand a jury trial. Subsequently, Jackson commenced her own action against Landrum, seeking compensation for personal injuries under negligence and wantonness theories, and seeking punitive damages under a wantonness theory. She demanded a jury trial.
The trial court abated her action, pursuant to Ala. Code 1975, § 6-5-440. Jackson then filed a complaint in intervention, including the same substantive claims she had made in her original complaint and demanding a jury trial. The trial court determined that she had waived her right to a jury trial and struck that demand; hence, Jackson filed this mandamus petition. *Page 457 
The majority denies the petition to the extent it seeks a writ requiring a jury trial of the negligence claim, but grants the petition as to the claim for a jury trial of the wantonness claim.
"This Court has held that the filing of an amendment that raises new legal issues invokes the 30-day period set out in Rule 38(b) [Ala.R.Civ.P.]." Ex parte Twintech Indus., Inc.,558 So.2d 923, 925 (Ala. 1990) (emphasis in original). Therefore, confining the inquiry strictly to the argument presented by Jackson, the petitioner, one could state the inquiry as: "What is [a new] issue, and when is one issue different from another?" Rosen v. Dick, 639 F.2d 82, 94 (2d Cir. 1980).
Rosen explained:
 "[T]he term `issue' means something more than the evidence offered and the legal theories pursued, although these are pertinent factors. In Cataldo v. E.I. du Pont de Nemours 
Co., 39 F.R.D. 305, 308 (S.D.N.Y. 1966), the court asked whether `[d]espite the fact that the underlying evidentiary facts are arguably substantially similar, the ultimate issue for decision is different.' Furthermore, as explained by the Ninth Circuit, `the presentation of a new theory [of recovery] does not constitute the presentation of a new issue on which a jury trial should be granted.' A legal theory incorporates issues of law which do not concern the jury, whereas only factual questions raise the possibility of a jury trial. In addition, the word `issue' in Rule 38 must be read together with its other uses in the Federal Rules of Civil Procedure. For example, regarding summary judgment, Rule 56 asks whether there is any `genuine issue as to any material fact,' Fed.R.Civ.P. 56(c). This standard clearly refers to the disputed conclusions which can be drawn from the evidence uncovered during discovery. It does not refer to purely legal questions or to the evidence itself. Similarly, Rule 38 suggests that the jury trial right extends only to disputed factual conclusions. By extending the time period for demanding a jury trial until `10 days after the service of the last pleading directed to such issue,' Rule 38(b) thereby allows a party to wait for a responsive pleading which shows whether an issue of fact exists before making the jury demand."
639 F.2d at 94 (emphasis in original).
Rosen then presented two lines of cases that had found "new issues" raised in amended pleadings. Id. at 94-95. "New issues" found in one line of cases "involved only minor changes in the pleadings." Id. (emphasis added). Rosen cited the following cases and provided the parenthetical explanations: Walton v. Eaton Corp., 563 F.2d 66 (3d Cir. 1977) (en banc) "(federal statutory claim for racial discrimination in employment amended to allege mental and emotional injury)," 639 F.2d at 94, and Jackson v. Airways Parking Co., 297 F. Supp. 1366, 1383-84 (N.D. Ga. 1969) "(amendment added claim of willfulness in violating a statute already invoked in the action)." 639 F.2d at 94.
Under this line of cases, Jackson's wantonness claim would constitute a "new issue," as the majority so holds. The argument is equally compelling for including the negligence claim in the term "new issue." This is so, because of the different factual issues and problems of proof that will be presented by Southern and Jackson respectively. Southern seeks only reimbursement for proceeds it distributed to Jackson. Thus, the basis for Southern's claim is a property loss. Jackson, on the other hand, will seek to prove personal-injury damages that may exceed the policy limits.
Because of the different factual issues presented by Jackson's claim, I would hold that all of Jackson's claims are due to be tried by a jury. Therefore, I concur in the opinion to the extent it grants the petition to require a jury trial of the wantonness *Page 458 
claim, but I dissent to the extent it denies the petition as to the negligence claim.
Johnstone, J., concurs.