JOHN GORMAN, RESPONDENT, v. THE BOARD OF COMMISSIONERS OF BOISE COUNTY ET AL., APPELLANTS.

APPEALS FROM ORDERS OF COUNTY COMMISSIONERS—JUDGMENT ON.—On an appeal to a district court from an order of a board of county commissioners, rejecting a claim against a county, a money judgment can not be rendered, either against the board or the county. The order must be affirmed, or reversed and directions given to the board to allow it, or annulled, or modified and sent back with directions to pass upon it as modified.

PARTY—COUNTY.—A county can not be made a party in an appeal from an order of the board of commissioners. It can only be proceeded against by an action under the provisions of the statute which authorizes suits against a county.

APPEAL from the district court of the second judicial district, Boise county.

*Jonas W. Brown and H. E. Prickett,* for the appellants.

*George Ainslie, Smith & Kelly, and Huston & Gray,* for the respondent.

HOLLISTER, C. J., delivered the opinion. CLARK, J., concurred.

This case comes here by appeal from a judgment rendered by the district court of Boise county against the board of county commissioners of said county and the county of Boise, at the March term thereof for the year 1875.

It appears from the transcript, that the respondent presented to the board of commissioners at its April term, 1874, the following account, to wit:

Boise county in account with John Gorman, assessor and collector. 1874.

| | | |
|---|---:|---:|
| Amount of property tax collected during the year 1873 | $27,409 | 78 |
| Total $4 polls, collected during the year 1873 | 5,624 | 00 |
| Amount $5 polls | 1,785 | 00 |
| Amount hospital tax | 3,642 | 00 |
| Total amount revenue collected | $38,460 | 78 |

DR.

| | | |
|---|---:|---:|
| To assessor and tax collector, per cent. on property tax (10 per cent) | $2,740 | 93 |
| On territorial and county poll tax | 1,481 | 80 |
| On hospital tax | 728 | 40 |
| | $4,951 | 13 |

Apportioned as follows:

| | | |
|---|---:|---:|
| On property tax, county proportion | $2,055 | 70 |
| On property tax, territory proportion | 685 | 23 |
| On poll tax, territory proportion | 740 | 90 |
| On poll tax, county proportion | 740 | 90 |
| On hospital tax, by county | 728 | 40 |
| | $4,951 | 13 |

RECAPITULATION.

Assessor and tax collector, per cent. due from county, payable on current expense and redemption fund, as follows:

| | | |
|---|---:|---:|
| Per cent. on property tax | $2,055 | 70 |
| Per cent. on poll tax | 740 | 90 |
| Per cent. on hospital tax | 728 | 40 |
| Total on current expense and redemption fund | $3,525 | 00 |

Per cent. due and payable out of territorial money in county treasury, as follows:

| | | |
|---|---:|---:|
| On property tax | $685 | 23 |
| On poll tax | 740 | 90 |
| Total amount of territory moneys | $1,426 | 13 |
| Total due as per cent | $4,951 | 13 |

This account was verified by the affidavit of the respondent, and after consideration was rejected by the board on the seventh day of April, 1874, by an order duly entered of record, from which order the respondent took an appeal to the district court of said county.

Several questions have been stated and very ably argued on both sides, but as they are not presented in a shape that demands our attention, we shall only consider the question, whether a money judgment can be entered in the district court, on an appeal from an order of the board of commissioners refusing to audit an account against the county. As this must be determined by the statute, a simple reference to so much of it as gives an appeal from such an order is all that is deemed necessary to settle it. After giving an appeal from any order of the board of county commissioners in section 17 of the act creating a board of county commissioners in the counties of the territory, approved January 15, 1869 (5 Sess. Laws, 107), it is provided in section 19, that "on appeal the case shall be heard anew, and the court may affirm, reverse, annul, or modify the order or decision appealed from," etc.

In this case the district court did neither. Instead of proceeding on the appeal in accordance with the above provision of the statute, it entered a judgment to the full amount of the claim of the respondent against not only the board of commissioners, but also conjointly with the board, against the county itself. We think the court should either have affirmed the order, or reversed it, with directions to the board to allow the account, or annulled it, or modified it, and sent the order thus modified back to the board with directions to pass upon it as modified. The only way a county can be made a party defendant is by suit, in the same way as against an individual, as prescribed by section 1 of an act entitled "an act permitting counties to sue and be sued," approved January 10, 1871 (6 Sess. Laws, 76). It follows, therefore, that the county of Boise was improperly joined with the board, and that no judgment could be entered against it in this proceeding.

The judgment of the district court will be reversed, the case remanded, and a new trial ordered, and the respondent directed to pay the costs of this court.

Reversed, and new trial ordered.