O. M. ETTER et al., Respondents and Cross-appellants, v. BOARD OF COUNTY COMMISSIONERS OF TWIN FALLS COUNTY, IDAHO, Appellant and Cross-respondent.

[255 Pac. 1095.]

EVIDENCE — APPEAL TO DISTRICT COURT FROM ORDER OF COUNTY COMMISSIONERS—MINUTES OF CLERK OF BOARD — COUNTIES — MEETING OF COMMISSIONERS — REDUCING SALARIES OF COUNTY OFFICIALS — DUTY OF DISTRICT COURT—POWER OF COUNTY COMMISSIONERS—DISCRETION.

1. On appeal to district court from an order of the county commissioners fixing salaries of county officials, minutes of the clerk of the board of county commissioners, containing the order appealed from, and stating that board convened pursuant to call of chairman, *held* competent.

2. On appeal to district court from order of county commissioners fixing salaries of county officials, evidence does not show that meeting was unlawfully held and order appealed from invalid under C. S., secs. 3411–3413, 3699, relative to duty of board of county commissioners in fixing annual salaries and providing for dates of regular and special meetings.

3. Under C. S., sec. 3512, district court, on appeal from order of county commissioners fixing salaries of county officials, must make findings and conclusions, and remand matter with instructions to board of county commissioners to make order accordingly.

4. Board of county commissioners may fix salaries of county

officials as provided by C. S., sec. 3699, without hearing any evidence, on information coming to it on account of performance of its duties.

5. County commissioners, in fixing salaries of county officials under C. S., sec. 3699, held not to have abused discretion by reducing all salaries at least ten per cent.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. Henry F. Ensign, Presiding Judge.

Appeal by defendant and cross-appeal by plaintiff from judgment of district court affirming in part and reversing in part order of board of county commissioners fixing salaries of county officials. *Reversed.*

S. L. Hodgin, for Appellants Etter et al.

Boards of county commissioners are bodies of special and limited jurisdiction, and all the necessary jurisdictional facts must appear upon the record of their proceedings. (11 Cyc. 398; *Fremont Co. v. Brandon,* 6 Ida. 482, 56 Pac. 264; *Smith v. Canyon County Consol. School Dist.,* 39 Ida. 222, 226 Pac. 1070.)

The mere recital in the board's minutes that the acts requisite to confer jurisdiction have been performed is not sufficient to establish jurisdiction, since the presumption of jurisdiction does not attach to the actions of the board in statutory proceedings. (*Smith v. Canyon County Consol. School Dist., supra.*)

An adjournment of a regular meeting of the board of county commissioners to meet "pursuant to the call of the chairman" is not a compliance with the statutory provision that such meetings may be adjourned "from time to time" until all the business before the board is disposed of. Such

Publisher's Note.

See Counties, 15 C. J., sec. 124, p. 471, n. 17; sec. 128, p. 476, n. 93; sec. 173, p. 506, n. 1, p. 507, n. 19 New.

Evidence, 22 C. J., sec. 909, p. 798, n. 71.

adjournment is an adjournment *sine die* and closes such regular session. (C. S., sec. 3411; *Gilbert v. Canyon County,* 14 Ida. 437, 94 Pac. 1029.)

Where an appeal is taken from an order of a board of county commissioners, the district court in the exercise of its appellate jurisdiction may affirm, reverse or modify the order, but may not itself take over and exercise the authority conferred by statute upon such board of fixing the salaries of elective county officers. (C. S., secs. 3512, 3699; *Gorman v. County Commrs.,* 1 Ida. 627; *Campbell v. Board of Commrs.,* 4 Ida. 181, 37 Pac. 329; *Reynolds v. Board of Commrs.,* 6 Ida. 787, 59 Pac. 730; *Criddle v. Board of Co. Commrs.,* 42 Ida. 811, 248 Pac. 465.)

O. W. Witham and Bothwell & Chapman, for Appellant Board of County Commissioners.

The lower court was without jurisdiction to fix the salaries of the probate judge and county superintendent of schools. (C. S., secs. 3509, 3512, 3699; *Criddle v. Board of Co. Commrs,.* 42 Ida. 811, 248 Pac. 465.)

The meeting of the board held on May 8, 1924, at which the order appealed from was made, was valid. (*Criddle v. Board of Co. Commrs., supra;* C. S., secs. 491, 3411, 3699, 7933; *Gilbert v. Canyon County,* 14 Ida. 437, 94 Pac. 1029; *Smith v. Canyon County C. S. Dist.,* 39 Ida. 222, 226 Pac. 1070.)

Alleged errors as to the admission and rejection of evidence are immaterial. (*Reynolds v. Board of Commrs.,* 6 Ida. 787, 59 Pac. 730; *Criddle v. Board of Commrs., supra.*)

VARIAN, Commissioner.—On May 8, 1924, the appellant board of county commissioners entered an order on the minutes of a meeting held that date fixing the salaries of clerk of the district court and *ex-officio* auditor and recorder, treasurer and tax collector, sheriff, probate judge, coroner, assessor, superintendent of schools and surveyor, for the term beginning with the second Monday in January,

1925, to the second Monday in January, 1927. It is conceded that there was no power to fix the clerk's salary as the term did not begin until 1927. The order reduced the coroner's and surveyor's salaries from $200 to $100 per annum, the probate judge from $2,000 to $1,500, and the superintendent of schools from $1,800 to $1,500 per annum. The annual salaries of the other officers were reduced ten per cent. Appellants, Etter et al., appealed to the district court, where a trial was had and the district judge found the board had abused its discretion, making findings and conclusions, and decreed the salary of the superintendent of schools at $1,700 and the probate judge at $1,800, adjudging the order fixing the clerk's salary void, and sustaining the board in all the other instances. The board of county commissioners appeals from the judgment in so far as it purports to fix the salaries of the county superintendent and probate judge, and the plaintiffs, Etter et al., appeal from the judgment except only in so far as it relates to the salary of the clerk of the district court, etc.

The first assignment of error by appellants, Etter et al., relates to the jurisdiction of the board of county commissioners to make the order fixing salaries, the court having failed to make any finding as to the validity of the meeting of May 8, 1924, when the order originally appealed from was made.

The question of jurisdiction was not raised at the trial, nor in the notice of appeal which expressly designated the grounds thereof, and no evidence was introduced tending in any manner to show that either side questioned the validity of said order or the jurisdiction of the board to make it. Everyone apparently took the validity of the order for granted. Counsel for Etter et al. states in his brief that the question was suggested to the trial court in his brief submitted after the trial. C. C. Siggins, clerk of the board of county commissioners, read into the record the order of the board appealed from, beginning as follows:

"Twin Falls, Idaho, May 8th, 1924, 10:00 A. M. The

regular session of the board convened at this time pursuant to the call of the chairman. Present: All members and the clerk.''

[1] Then follows the order appealed from. On motion, all of this witness' testimony was stricken, notwithstanding which the court found that the board met on the date mentioned ''pursuant to the call of the chairman.'' Having excluded all of the testimony of this witness, there is no evidence in the record to support this part of the finding. We think these minutes were competent evidence and should not have been excluded.

Assuming that these minutes are properly before the court, are they sufficient to sustain the contention of appellants, Etter et al., that the meeting was not properly held and the act of the board in fixing the salaries void?

C. S., sec. 3699, makes it the duty of the board of county commissioners, at its regular session in April next preceding any general election, to ''fix the annual salaries of the several county officers, except prosecuting attorney, to be elected at said general election, for a term commencing on the second Monday of January next after said meeting, and in no case shall the salary of any county officer be less than the lowest amount hereafter designated for such officer, and in no case shall it be higher than the highest amount hereafter designated for such officer.''

Then follows a schedule of minimum and maximum amounts for each office. The board in the case at bar kept within the limitations of this statute in making its order.

The statute (C. S., sec. 3411) fixes the second Monday in April as the date of the regular meeting referred to in C. S., sec. 3699, which was April 14th for the year 1924.

C. S., sec. 3412, reads:

''Adjourned meetings may be provided for, fixed and held for the transaction of business, by an order duly entered of record, in which must be specified the character of business to be transacted at such meetings, and none other than that specified must be transacted.''

C. S., sec. 3413, provides for the holding of special meetings at any time after the adjournment of the regular meeting, upon order and notice.

Appellants, Etter et al., contend that the language of the minutes of the meeting of May 8, 1924 (stricken by the court), as embodied in the court's finding, "That the defendant board of county commissioners of Twin Falls County, Idaho, met pursuant to the call of the chairman of said board on May 8, 1924," shows that said meeting was not such a meeting as is provided by statute; that board of county commissioners cannot meet and lawfully transact business except in strict compliance with the statute; that an adjournment "subject to the call of the chairman" is in effect an adjournment *sine die.*

These sections provide three different kinds of meetings: regular, adjourned and special.

"The statute does not limit the duration of the regular sessions of the board; the law does, however, contemplate that when the board meets in regular session, it will proceed to transact the public business with such reasonable dispatch as the welfare of the public may demand. The statute does not fix or limit the time during which the board may adjourn or take a recess during the regular session. The statute does not prohibit the board from adjourning to a future date as a continuation of the regular session. The law, however, contemplates that the duration of such adjournments will be governed wholly by the exigencies of the case and the public welfare or the county's business." (*Gilbert v. Canyon County,* 14 Ida. 437, 94 Pac. 1029.)

Appellants, Etter et al., further contend that the record does not show that any notice was ever given of said meeting of May 8, 1924, if it was an adjourned meeting under C. S., sec. 3412, or a special meeting under C. S., sec. 3413, the lack of notice being fatal to the validity of said meeting. (*Gilbert v. Canyon County, supra.*)

The difficulty with counsel's position is that the *whole* record is not before the court. All that is claimed to be here are the minutes (excluded by the court) of the meeting

at which the order appealed from was made. Even if it be conceded that an adjournment "subject to the call of the chairman" is in effect an adjournment *sine die* (*Beatle v. Roberts,* 156 Iowa, 575, Ann. Cas. 1915B, 770, 137 N. W. 1006), it is not shown here that such *was* the order of adjournment.

This court has held that "The presumption of validity and regularity which attaches to the proceedings, orders or judgment of a court of general jurisdiction does not attach to the proceedings or orders of a statutory board like a board of county commissioners. In order to invest such board with jurisdiction, it must affirmatively appear that the statutory jurisdictional requirements were complied with."

*Smith v. Canyon County C. S. Dist. No. 34,* 39 Ida. 222, 226 Pac. 1070. [2] In that case the entire record of the proceedings of the board of county commissioners relating to the subject matter of the appeal was before the court. Here counsel ask the court to single out the minutes of a single meeting, and determine therefrom, without any showing, as to what preliminary orders or proceedings were had in designating or fixing the date of said meeting. It cannot be said that, under the evidence before the court including the excluded testimony of the witness Siggins, the meeting of May 8, 1924, was not lawfully held and the order appealed from not validly made.

It is also contended by appellants, Etter et al., that the court erred in making a decree sustaining the order of the board in part and modifying it in part.

The statute relating to appeals from boards of county commissioners provides that "Upon the appeal, the matter must be heard anew and the act, order or proceeding so appealed from may be affirmed, reversed or modified . . . . " (C. S., sec. 3512.)

[3] Under this statute, the trial court should have affirmed, modified or reversed the order of the board fixing the salaries, made findings and conclusions, and remanded the matter with instructions to the board of county commis-

sioners to make an order accordingly. (*Gorman v. County Commrs.*, 1 Ida. 627; *Reynolds v. Board of County Commrs.*, 6 Ida. 787, 59 Pac. 730.)

[4] Appellants, Etter et al., at the trial objected to the admission of certain testimony offered by the cross-appellant showing the basis upon which the board reached its conclusions in fixing the salaries in question. The errors in the admission of evidence become immaterial in view of the holding by this court that the board could fix the salaries, without hearing any evidence, upon information coming to it on account of the performance of its duties. (*Criddle v. Board of Commrs.*, 42 Ida. 811, 248 Pac. 465.)

The remaining questions raised by either appeal have been conclusively determined by that case, decided after both appeals in this case had been perfected. The real basis of attack by appellants, Etter et al., seems to be the contention that the salaries fixed by the board are inadequate.

"In view of all the facts and circumstances, it does not appear that the salaries fixed were so inadequate as to constitute an abuse of discretion. The question is not what we think these salaries ought to be or what the able trial judge thought they should be, but is rather, all the circumstances being considered, whether the order of the board clearly exceeded the bounds of reason and constituted such an abuse of power as to show that the board failed to exercise a legal discretion." (*Criddle v. Board of Commrs.*, supra.)

[5] Measured by these standards, there was no legal abuse of discretion by the board of county commissioners in fixing these salaries, and we so hold.

It is recommended that the judgment be reversed, with costs to appellant board of county commissioners, and the cause remanded with directions to the district court to affirm the order of the board of county commissioners.

Brinck and Johnson, CC., concur.

The foregoing is approved as the opinion of the court. The judgment is reversed, with costs to appellant board of county commissioners, and the cause remanded with directions to the district court to affirm the order of the board of county commissioners.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.

Givens, J., concurs in the conclusion.