### CAMPBELL v. AMERICAN FABRICS CO. et al.

### No. 1412.

District Court, E. D. New York.

Dec. 4, 1940.

Geist & Netter, of New York City, for plaintiff.

Frederick S. Duncan, of New York City, for defendant American Fabrics Co.

MOSCOWITZ, District Judge.

This motion is made to strike plaintiff's demand for a trial by jury upon the ground that is was made too late. Defendant, the American Fabrics Company, served its answer on October 7, 1940, which, after denying the material allegations of the complaint, set forth certain defenses. In addition the answer set forth a counterclaim. The reply to this counterclaim was served on October 29, 1940. On November 4, 1940, the plaintiff served a demand for trial by jury of the issues raised by the answer of the American Fabrics Company with respect to the first two causes of action set forth in the complaint.

Rule 38 (b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requires a demand for a jury trial with respect to any issue triable of right by a jury, to be made "not later than 10 days after the service of the last pleading directed to such issue." Here the issues with respect to which a jury trial is sought are those raised by the answer, and as to which the answer is the last pleading. The demand for a jury trial was, therefore, not timely, and was, pursuant to Rule 38 (d), waived by the plaintiff.

While it is not the duty of the Court to relieve a party of his errors, it was not the purpose of the Rules of Civil Procedure to make procedure the master of substantial rights. It would appear that the demand in the case at bar was made under the mistaken assumption that it would be

timely if made within (10) days after the last pleading. As pointed out above, the plaintiff was mistaken in that construction. In fact were his interpretation of the Rule followed, it would mean that a jury demand would be timely if made within ten (10) days after the service of a pleading by an intervening party, even though that time long post-dated the joinder of issue by the original parties. A mistake, it was however, as indicated by the prompt service of a jury demand within six (6) days after the reply.

Under the circumstances of this case, therefore, the Court feels that a proper case has been presented for the exercise of the discretion granted to it by Rule 39 (b). An attorney's excusable error of construction on a new question of procedure should not be permitted to prejudice his client's substantial rights. In the exercise of the Court's discretion, therefore, a jury trial is granted as requested by the plaintiff.

Settle order.