R. M. BOURNE & COMPANY, Nominee of The Cleveland Trust Company, and The Cleveland Trust Company, Plaintiffs,

v.

SECURITY NATIONAL BANK, Defendant.

Civ. No. 19126.

United States District Court
E. D. New York.

Feb. 18, 1959.

Cleary, Gottlieb, Friendly & Hamilton, New York City, Thorp, Reed & Armstrong, Earl F. Reed, James B. Hecht, Pittsburgh, Pa., for plaintiffs, Joseph Chase, Arthur Elfenbein, New York City, of counsel.

Sahn, Shapiro & Epstein, New York City, for defendant, Morris Shapiro, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The plaintiffs move to strike defendant's demand for a jury trial upon the ground that it was not served within the ten day period prescribed by Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The said Rule, in substance, provides:

(1) That any party may demand a trial by jury of any issue triable of right by a jury.

(2) That such demand must be served not later than ten days after the service of the last pleading directed to such issue, i. e., the issue triable of right by a jury.

The dates of service of the papers were as follows:

On October 27, 1958, the complaint.

On November 16, 1958, the answer and alleged counterclaim.

On December 8, 1958, the plaintiffs' reply.

On December 11, 1958, the defendant's demand for jury trial.

There seems to be no question but that the issues raised by the answer to the complaint were the subject of a jury trial as a matter of right in that this action is upon a contract with a demand for a sum of money, nor that any demand for a jury trial of such issues would be belated if served more than ten days after the service of the pleading or answer thereto.

The fact, however, that the answer contains new matter, designated as a counterclaim, in addition to denials of allegations of the complaint requires an examination of the pleadings to determine, among other things, whether the alleged counterclaim presents an issue or issues triable of right by a jury, within the contemplation of Rule 38, supra.

The Substance of the Allegations of the Complaint.

1. That on February 28, 1958, the plaintiff Bank paid the sum of $200,000 to the defendant for a certificate of deposit, issued at its request to its agent, the plaintiff Bourne.

2. That the certificate provided for payment of said sum and interest to the plaintiff, Bourne, on August 28, 1958, upon its surrender, duly endorsed.

3. That Bourne duly presented it to the defendant and the latter failed and refused to pay it.

**230**

#### The Answer and Alleged Counterclaim.

Paragraphs 1 to 5, inclusive, of the answer, in addition to denials of various allegations of the complaint, contain admissions that the defendant executed the said certificate of deposit, that it was duly presented for payment and was not paid. New matter is alleged affirmatively, which new matter is reiterated in the counterclaim.

Paragraphs 6 to 10, inclusive, of the answer, entitled counterclaim, in substance, set forth as follows:

1. That in January 1958, the defendant loaned to Eastern Investment & Development Corporation the sum of $225,000, secured by its promissory note, the time for payment whereof was extended to July 21, 1958.

2. That on February 28, 1958, Eastern borrowed from plaintiff Bank the sum of $200,000 and with that sum Eastern purchased from defendant the said certificate of deposit and directed its issuance to the plaintiff, Bourne, the nominee of Eastern.

3. That the certificate is the property of Eastern.

4. That Eastern owes to the defendant the sum of $225,000 on the said promissory note.

5. That the defendant is willing to assign to plaintiff, Bourne, its claim against Eastern to the extent of $200,000, the amount of the certificate of deposit, by reason of the set-off herein claimed.

6. That defendant demands judgment dismissing the complaint.

#### Analysis of the Alleged Counterclaim.

In essence, the defendant alleges that Eastern purchased the certificate of deposit and is the owner of it; that Eastern is indebted to the defendant and that the defendant now offers to assign its claim for such indebtedness to the plaintiff, Bourne, in exchange for a cancellation of defendant's debt to Bourne.

It is plain that this is neither a claim of the defendant against the plaintiffs nor a counterclaim against them. It smacks of an offer of settlement. At most it alleges an equitable claim. It does not create an issue triable of right by a jury within the meaning of Rule 38.

The fact that present rules of pleading permit parties to join all of their causes of action in a single lawsuit has no bearing upon the question as to whether they are triable with or without a jury. The question of the right to a jury trial must be decided upon the allegations in the pleading. All American Airways v. Village of Cedarhurst, D.C., 15 F.R.D. 490.

The plaintiffs' motion is in all respects granted.