419 P.2d 679

STATE of Idaho, ex rel. R. Doyle SYMMS, Ernest F. Gaffney and C. Ed Flandro, Idaho Board of Highway Directors, Plaintiff,

v.

The THIRTEENTH JUDICIAL DISTRICT of the State of Idaho and the Honorable Gus Carr Anderson, District Judge, Presiding, Defendants.

No. 9892.

Supreme Court of Idaho.

Oct. 28, 1966.

Faber F. Tway, Anton Hohler, Jack C. Riddlemoser and F. Robert Studdert, Boise, for plaintiff.

Baum, Peterson & Kugler, Pocatello, for defendants.

SMITH, Justice.

Plaintiff commenced this original mandamus and prohibition proceeding, seeking to compel defendants to grant a jury trial and to restrain them from proceeding to trial without a jury of two certain condemnation actions.

Plaintiff filed the actions pursuant to I.C., Tit. 7, Chap. 7, in the Franklin County District Court; one on February 11, 1965, against Gloyd L. Bennett and Geraldine S. Bennett, his wife, Banker's Life Company, an Iowa corporation, and The United States of America, being Case No. 2877, referred to as the Bennett case; and the other on March 24, 1965, against Dean Panter and Marjorie Panter, his wife, and Wilfred Panter and Vinne Panter, his wife, being Case No. 2889, referred to as the Panter case.

Both complaints, except as to real property descriptions, allege the same elements. In paragraph IV of each complaint plaintiff alleges that the highway "is located in such manner as will be most compatible with the greatest public good and the least private injury;" and in paragraph V alleges that the parties to the action entered into agreements granting possession of the land to the State; that the use of the condemned land is a public use; that the State has attempted in good faith to bargain with the defendants but has been unable to reach any agreement as to the value of land taken and damages to the remainder resulting from the condemnation; and prays for assessment of damages accruing to defendants by reason of the condemnation, for a determination of the rights of the parties and for entry of a final order of condemnation.

Panters filed their answer and counterclaim July 19, 1965, and Bennetts filed theirs August 12, 1965. The Bennett and Panter answers are substantially similar. The defendants in both actions deny paragraph IV of the complaint, admit so much of paragraph V as relates to execution of the agreements, but deny that the State attempted to bargain in good faith for the value of the land taken. The Panters, in their answer, further allege that the State

misrepresented its good faith and falsely induced them to execute the agreement transferring possession.

The Panter and Bennett counterclaims expressly adopt by reference, all paragraphs of the complaint, except IV (necessity of the taking) and V (relating to the agreement of transfer). The defendants, in their first count of both counterclaims, seek exemplary damages, costs and attorney's fees from the State on account of its alleged fraudulent inducement of defendants to transfer possession of their lands and for having failed to bargain with defendants in good faith; in their second count they seek actual and exemplary damages for alleged unreasonable interference with the use and enjoyment of the remainder of defendants' lands, and in their third count, they seek damages for an alleged unreasonable temporary interference with use and enjoyment of the lands during construction of the highway. Panters, in their counterclaim, seek additional damages for the State's alleged failure adequately to restore fences and ditches after the termination of the highway construction.

On September 28, 1965, the State moved the court to extend the time to October 15, 1965, within which to reply to defendants' counterclaims. On October 15, 1965, the State filed its replies of general denial to defendants' counterclaims. Demands for a jury trial "on the issue of the value of the land taken * * * and the damages, if any, to the remainder" accompanied the State's replies. On April 20, 1966, the district court set the actions for trial by the court on June 21, and 22, 1966. On May 11, plaintiff moved for trial by jury on the same issue as aforesaid, but after a hearing, the court, by memorandum decision of June 10, denied the motion. Plaintiff then commenced this original proceeding for writs of mandate and prohibition.

The foregoing review of the proceedings in the Bennett and Panter actions shows that the defendants raised the new issue of fraud in their counterclaims, i. e., whether the State, through its officers and agents,

"fraudulently misrepresented and misled the defendants into believing that plaintiff [the State] would offer fair and just compensation for the land involved and did fraudulently induce the defendants to execute an agreement for the possession of the land when, in fact, at no time after the execution of the agreement, or prior to the filing of the complaint, or subsequent thereto, [did the State] offer to the defendants fair and just compensation or attempt to bargain in good faith."

Additionally, the defendants Panters and Bennetts alleged as material facts that the State unreasonably delayed in replacing ditches and fences, temporarily obstructed the defendants in the use of their land, and failed to restore ditches and fences to their status quo ante. The defendants thereby asserted a right to recovery for damages accruing in the course of the State's highway construction, being the same activity upon which is grounded the cause of action under the complaint and answer.

Plaintiff contends that the State timely requested a jury trial on the issue of value of the land taken and the damages, if any, to the remainder. I.R.C.P. 38(b) provides:

"Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than ten (10) days after the service of the last pleading directed to such issue. * * *"

The precise question, then is, whether State's replies to the defendants' counterclaims constituted "the last pleading directed to such issue" for which the State seeks a jury trial.

Where a defendant's counterclaim introduces original issues not previously raised in the complaint and answer, the plaintiff's demand for jury trial on the issues framed by the complaint and answer will be tardy under I.R.C.P. 38(b), even though filed within ten days after the reply. Thus, in Goldblatt v. Inch, 203 F.2d 79, (2d

Cir. 1953), cited by the defendants, the plaintiff, in his complaint, sought recovery of certain chattels from the defendants. The defendants answered by a general denial and counterclaimed for damages for plaintiff's negligent care of chattels not covered in the complaint. The plaintiff, ten days after service of the answer and counterclaim, moved to strike the counterclaim. The trial court granted plaintiff's motion, but treated the motion to strike as plaintiff's reply. Four days thereafter the defendants filed a demand for jury trial on issues framed by the complaint and answer. The second circuit ruled that the last pleading directed to those issues was the answer, since "the counterclaim related to a wholly distinct issue", and therefore the defendants' request was not timely filed. 203 F.2d at 80. Accord, Campbell v. American Fabrics, 1 F.R.D. 502 (E.D.N.Y.1940).

Where the counterclaim and reply raise wholly distinct issues from the complaint and answer, a jury demand may be timely as to the former but not for the latter. See 5 Moore's Federal Practice, § 38.39 at p. 315 (2d ed. 1964). In Consolidated Fisheries Co. v. Fairbanks Morse & Co., 9 F.R.D. 539 (E.D.Pa.1949), for example, where the counterclaim raised an issue not appearing in the complaint and answer, the court ruled that the plaintiff's demand was timely as to the issues raised by the counterclaim, but not by the complaint and answer; however, the court, in its discretion and to serve the ends of justice, granted plaintiff a jury trial on all issues in the case.

R. M. Bourne & Co. v. Security National Bank, 23 F.R.D. 228 (E.D.N.Y.1959), also cited by defendants, dealt with similar circumstances as the Consolidated Fisheries case, except that a new and distinct issue raised in the counterclaim presented equitable questions not triable of right to a jury. Bourne, like the Goldblatt and Consolidated Fisheries cases, involved a counterclaim which did not carry over those issues framed by the complaint and answer, thus compelling the court to conclude

that the demand for jury trial was tardy as to the issues raised in the initial pleadings.

The rule of Bourne, Goldblatt and Consolidated Fisheries, while undisputedly correct in the contexts of those cases, is not applicable where, as in the present case, the counterclaims again raise an issue previously framed in the complaint and answer.

The distinction between the instant case and the authorities relied upon by defendants is clarified in Transocean Air Lines v. Pan American World Airways, Inc., 36 F.R.D. 43 (S.D.N.Y.1964). The plaintiff in that case filed his request for jury trial sixty days after the answer, but only four days after the plaintiff's reply to defendant's counterclaim. The plaintiff contended that the issues framed by the counterclaim and reply were "inextricably interwoven" with the claims of the complaint. The court conceded that "Where the issues raised by the counterclaim and reply are essentially similar to those in the complaint, a jury demand, timely as to the former but not the latter, will extend to all the issues in the case." 36 F.R.D. at 45 (dictum). However, the court examined the pleadings and determined that the issues of the counterclaim were "not even remotely connected" with those presented in ·the initial pleadings, and thereupon struck the plaintiff's tardy demand for jury trial.

■■ The instant case differs from the authorities cited by defendants insofar as Bennetts' and Panters' counterclaims allege material facts giving rise to an issue also framed by the complaint and answer. As hereinbefore pointed out, the allegations that the State unreasonably interfered with the defendants' use of their land, and that the State failed to restore defendants' property to its previous condition, were material facts supporting defendants' right to recover damages in an eminent domain proceeding. The private landowner is entitled to damages accruing to property not taken by reason of the severance and the construction of the improvement. I.C. §

7–711; Idaho Const., Art. I, § 14; Zollinger v. Big Lost River Irrigation District, 83 Idaho 411, 363 P.2d 706 (1961); Hughes v. State, 80 Idaho 286, 328 P.2d 397 (1958).

Bennetts and Panters, in their counterclaims, not only again raised the issues framed by the complaint and answer with specific allegations of damages to the remaining lands, but additionally set out alleged fraudulent claims for which they sought general, special and exemplary damages. That state of the pleadings constrains us to the view that "the last pleading directed to such issue" in each case, —that is, the issue of damages accruing by reason of the State's condemnation— was the reply to the counterclaim. See Curry v. Pyramid Life Insurance, 271 F.2d 1 (8th Cir. 1959).

■■ Defendants next contend that, under I.R.C.P. 8(c), the court, in the interests of justice, may treat a pleading mistakenly designated as a counterclaim as an affirmative defense, and thus relieve the plaintiff from the obligation to reply. However, the general rule is that a reply is mandatory when plaintiff is served with a counterclaim designated as such. I.R.C.P. 7(a); Curry v. Pyramid Life Insurance Co., supra; Edelman v. Locker, 6 F.R.D. 272 (E.D.Pa.1946). See also 1A Barron & Holtzoff, Federal Practice, § 243; 2 Moore's Federal Practice, §§ 7.02, 7.03 (2d ed. 1965). The application of I.R.C.P. 8(c) in this situation is not to deny plaintiff the right to reply, but to avoid prejudice to a plaintiff who fails to reply to a "counterclaim" which is merely defensive and does not entitle the defendant to affirmative relief. Flynn v. Vevelstad, 119 F. Supp. 93 (14 Alaska 93, 1954); 2 Moore's Federal Practice, § 7.03 at 1534 (2d ed. 1965). In the instant case, defendants' counterclaim for fraud was denominated as such, and plaintiff was obligated to file its reply to close the pleadings.

Defendants argue that I.R.C.P. 38(d) and the holding in Allen Steel Supply Co. v. Brady, 89 Idaho 29, 402 P.2d 394, 403 P.2d 859 (1965) controls the court's dis-

position of the present case. Those authorities involve situations where a party, after waiving his right to trial by jury, attempts to revoke that waiver after an amended pleading is filed. In the instant case, where the demand for jury trial was timely under I.R.C.P. 38(b) and no amended pleadings were served, defendants' authorities are not persuasive.

Defendants finally contend that, even if plaintiff could file its reply to the defendants' counterclaim, the reply had to be filed within twenty days after the counterclaim. The defendants Bennetts and Panters filed counterclaims on July 19 and August 11, 1965, respectively; on September 28, 1965, plaintiff moved to enlarge the time in which to file its replies. Thereafter, on October 21, 1965, plaintiff filed its replies to the Bennett and Panter counterclaims, and in its replies requested jury trials. Defendants argue that the lapse of twenty days after the counterclaim were filed effected a waiver of the right to demand a jury trial.

I.R.C.P. 12(a) requires a plaintiff to serve his reply to a counterclaim in the answer, within twenty days after service of the answer. If the plaintiff fails to file a reply within the requisite time, "the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *." I.R.C.P. 6(b).

The trial court's memorandum decision shows that the trial judge considered plaintiff's replies as being timely filed under Idaho Rules of Civil Procedure. The trial court denied plaintiff's demand for jury trial solely on the ground that the replies were not "the last pleading directed to such issue," as required by I.R.C.P. 38(b). In this proceeding, we are only concerned with the propriety of the trial court's denial under I.R.C.P. 38(b).

Larson v. General Motors Corporation, 134 F.2d 450 (2d Cir. 1943), cert. den. 319 U.S. 762, 63 S.Ct. 1318, 87 L.Ed. 1713,

relied upon by defendants, is not in point. In that case plaintiff requested a jury trial twenty-three days after the answer and counterclaim were filed, but without concurrently filing a reply, as did plaintiff in the instant case. The second circuit court properly ruled that the plaintiff's request for jury was not filed within ten days of the last pleading—the answer and counterclaim—directed to the legal issues.

From the conclusions reached, we hold the plaintiff is entitled to a jury trial on the issue of damages accruing by reason of the State's condemnation of Bennetts' and Panters' land.

The alternative writ of prohibition and the alternative writ of mandate are hereby made permanent.

McFADDEN, C. J., and McQUADE, TAYLOR and SPEAR, JJ., concur.