500 P.2d 836
**RESOURCE ENGINEERING, INC., an Idaho corporation, Plaintiff-Appellant,**

v.

**Earl T. SILER and Mildred Siler, husband and wife, d/b/a Siler Equipment Sales, Inc., and Siler Equipment Sales, Inc., an Idaho corporation, Defendants-Respondents.**

No. 10824.

Supreme Court of Idaho.

July 31, 1972.

Rehearing Denied Sept. 15, 1972.

James F. Judd, Post Falls, William F. Nielsen, William C. Harrison, Spokane, Wash., for plaintiff-appellant.

Piatt Hull, Wallace, for defendants-respondents.

DONALDSON, Justice.

The plaintiff-appellant Resource Engineering, Inc., hereinafter called Resource, was managed and wholly owned by Lester S. Harrison until his death in April, 1966. The defendant-respondent Siler Equipment Sales, Inc., was incorporated by the defendant-respondent Earl T. Siler in December, 1957.

In the fall of 1956, Siler and Harrison entered into negotiations, seeking to execute an agreement whereby Siler would sell certain mining equipment on behalf of Resource. The contracting parties made several trips to various mining properties in 1956 and the early spring of 1957, at which time the equipment to be sold by Siler was inspected and appraised. On July 17, 1957, Harrison and Siler executed a written contract, which required that Siler sell the equipment and that he guarantee to Resource a minimum price of $80,000.00, to be paid as the equipment was sold, the full amount being due in three years. After deducting a ten percent commission and the costs of loading, moving, and repair, Siler was to remit the proceeds of sale to Resource. The contract also required that Resource refrain from selling or disposing of any of the equipment during the life of the agreement but in case anyone else did procure a buyer and a sale resulted, Siler was entitled to receive his commission.

In accordance with the terms of the agreement, Siler sold part of the equipment in question, and various accountings were had between the parties. In February, 1967, Resource filed this suit for a final accounting; Siler filed a counterclaim for amounts allegedly due from Resource. After a trial to the court sitting without a jury, judgment was entered in favor of Siler in the amount of $16,047.31 for commissions, rentals, open accounts, and damages. Judgment was also entered in favor of Resource for the return of certain items of unsold equipment. On appeal, Resource requests reversal of the judgment entered below.

The trial court found that the terms of the agreement were not completed by Siler even though the time for performance was orally extended in 1959 and 1960. The court further found that "[a]t least by July 1, 1964, the agreement between the parties was terminated by mutual acquiescence." The court, in effect, found that the contract had been rescinded by mutual consent of the contracting parties; this is evinced by the court's ruling that the contract provisions relating to rescission were inapplicable because the whole agreement between the parties had been "terminated by mutual acquiscence." A contract may be rescinded by mutual consent of the contracting parties notwithstanding a provision in the contract specifying a method of cancellation. *See* Pitner v. Federal Crop Ins. Corp., 94 Idaho 496, 491 P.2d 1268 (1971). Contending that the evidence was insufficient to show a subsequent rescission by mutual consent, the appellant assumes that the court found an oral rescission and argues that such must be proven by "clear and convincing" evidence. A subsequent oral modification of a written contract must be proven by "clear and convincing" evidence. Thomas v. Ballou-Latimer Drug Co., 92 Idaho 337, 442 P.2d 747 (1968); Ore-Ida Potato Products, Inc. v. Larsen, 83 Idaho 290, 362 P.2d 384 (1961); Miller v. Belknap, 75 Idaho 46, 266 P.2d 662 (1954). In this case, however, the court based its finding of mutual termination, at least in part, on certain documentary evidence (as "corroborated by the testimony of Phyllis Holtz"). The court relied upon defendants' exhibit No. P, a letter dated July 1, 1964, from Harrison to Siler, which in pertinent part stated:

"I have a chance to make some disposal of this property in the near future and will need to know something about what should be asked for these different

items. The big machinery center company to whom I submitted the list wrote back and said they would not be interested as the machinery is too old and the cost of transportation and placing it in their stock would be more than they could get out of it. I have, however, another possible proposition that will be coming up in a few days and in this way I may be able to dispose of a considerable amount if the deal goes through."

The court concluded that this letter indicates that Harrison had decided to sell the remainder of the mining equipment himself. This was certainly a reasonable conclusion. Also relied upon by the court was defendants' exhibit Q, a letter dated October 27, 1966, from Resource Engineering's counsel to Siler, which stated in pertinent part that "according to my information, you have no further contract with Resource Engineering nor have you had any for the sale or distribution of equipment since 1962." In addition to this documentary evidence, the court's finding of mutual recission is supported by the testimony of Siler and by that of Phyllis Holtz, an employee of Harrison for sixteen years, who testified that:

"Lester Harrison told me on at least two different occasions that I know of, that he was planning on taking over the sale of the equipment and telling Earl [Siler] not to sell any more, that by doing this that he wouldn't have to pay Earl any more commissions."

Consent to a modification of a prior written contract may be implied from a course of conduct consistent with the asserted modification. Ore-Ida Potato Products, Inc. v. Larsen, supra at 296, 362 P.2d 384. Furthermore, in this jurisdiction, the question whether an alleged oral modification was proven by "clear and convincing" evidence is one for the trier of the facts to decide in the first instance. The determination thereof by the trier of facts will not

be reversed where, as here, it is supported by substantial, competent though conflicting, evidence. Thomas v. Ballou-Latimer Drug Co., supra.

█ Since we have decided that the trial court's finding of a rescission by mutual consent should be sustained, it is unnecessary to discuss the assignments of error (I and II) which relate to the admission of parol evidence regarding sales which took place prior to the execution of the written contract. The appellant admits that Siler was entitled to commissions for these sales but contends that parol evidence should not have been admitted on the issue of whether these sales were to be counted as part of the $80,000.00 minimum price Siler had guaranteed to Resource. When the contract was rescinded by mutual consent, Siler was released from his $80,000.00 contractual obligation, and the question of whether sales made prior to the contract were to be counted in satisfaction of this obligation became moot.

█ The appellant also contends that the trial court erred in finding that the parties had agreed to certain set-offs and that these claims were not barred by the statute of limitations. The respondents submit that there is sufficient evidence to support the finding of the trial court and that the statute of limitations was not properly pleaded by the appellant. We agree with the respondents. The record contains substantial competent evidence to sustain the finding that the parties agreed that Siler could set off amounts owed to him by Resource against amounts owed to Resource by him under their contract. Therefore, this finding will not be set aside on appeal. Thomas v. Ballou-Latimer Drug Co., supra. The affirmative defense of the statute of limitations must be asserted in a responsive pleading if one is required. I.R.C.P. 12(b) and 8(c). A reply is mandatory when a plaintiff is served with a counterclaim denominated as such.[1]

1. The defendants prayed for affirmative relief against the plaintiff in a document which they erroneously labeled a "cross-complaint"; and in the body of the document itself, they erroneously referred to their claim against the plaintiff as a "cross-claim," a term properly applicable only to a claim "by one party against

I.R.C.P. 7(a); State ex rel. Symms v. Thirteenth Judicial Dist., 91 Idaho 237, 419 P.2d 679 (1966). The plaintiff must serve his reply to a counterclaim contained in the defendant's answer within twenty days after service of the answer. I.R.C.P. 12(a). In this case, the defendants filed an amendment to their answer and a claim against the plaintiff on November 28, 1968. No reply to the defendants' counterclaim was filed by the plaintiff at any time. Since the defense of the statute of limitations was not presented in a reply to the counterclaim, that defense was waived. I.R.C.P. 12(h); see Bryan and Company v. Kieckbusch, 94 Idaho 116, 482 P.2d 91 (1971). The appellant relies upon the following statement contained in the pre-trial order filed on May 6, 1970, to show that it did plead the statute of limitations:

"Plaintiff's contentions are as follows:
* * *

"3. That defendants' 'rental' transactions with other companies involving defendants' equipment, are not chargeable to

plaintiff nor against the parties' contract balance, and further, such 'rental' claims are not within the scope of parties' contract, or any extension thereof, and were *outlawed by the Statute of Limitations."*

Emphasis added.

Even if this statement could be considered a timely pleading of the statute of limitations, such an allegation would not be sufficient under the provisions of I.R.C.P. 9(h), which provides:

"*Limitations.*—In pleading the statute of limitations it is sufficient to state generally that the action is barred, and allege with particularity the Session Law or the section of the Idaho Code upon which the pleader relies."

Under a rule such as this, it is necessary to plead the particular section of the statute of limitations relied upon by the pleader. Rosa v. Devingenzo, 53 Idaho 213, 24 P.2d 1051 (1933); Tritthart v. Tritthart, 24 Idaho 186, 133 P. 121 (1913); Wasatch Mines Co. v. Hopkinson, 24 Utah 2d 70,

a co-party." See I.R.C.P. 13(g). Cross-claims are litigated by parties on the same side of the main litigation, while counterclaims are litigated, as here, between the opposing parties to the principal action. 1A Barron & Holtzoff, Federal Practice and Procedure § 397, at 598 (1960). Section 5–617 of the Idaho Code provides:

"Affirmative relief—Cross-complaint.—Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint. The cross-complaint must be served upon the attorneys of the parties who have appeared, who may demur or answer to the same within twenty days after such service as if it were an original complaint; and summons may be issued and served upon the parties to the action or proceeding who have not appeared."

Although this section has not been formally repealed, it has been effectively abrogated by several of the Idaho Rules of Civil Procedure, which took effect on November 1, 1958; this section is of no further force and effect to the extent it is in conflict with the Idaho Rules of Civil Procedure. I.C. § 1–215; L.R.C.P. 86.

Under I.R.C.P. 13, any claim "against an opposing party" is a "counterclaim" (and not a "cross-complaint"). Until the Idaho Rules of Civil Procedure became effective, however, a "cross-complaint" was a proper pleading by which the defendant could seek affirmative relief against the plaintiff. For the purposes of I.R.C.P. 7(a), requiring "a reply to a counterclaim denominated as such," the defendants' "cross-complaint" was a counterclaim denominated as such. In other words, it was in clear and express terms a claim for affirmative relief "against an opposing party" and not a counterclaim mistakenly designated as an affirmative defense. Rule 7(a) is written in this form so that a reply is not required when a party has mistakenly designated a counterclaim as a defense, even though Rule 8(c) provides that in such a case the court may "treat the pleading as if there had been a proper designation." 1A Barron & Holtzoff supra § 243, at 12; cf. State ex rel. Symms v. Thirteenth Judicial Dist., 91 Idaho 237, 419 P.2d 679 (1966). The defendants' claim against the plaintiff, though erroneously labeled both a "cross-complaint" and a "cross-claim," was obviously a counterclaim, and it was sufficiently identified as such to require a reply under Rule 7(a).

940

465 P.2d 1007 (1970). Where, as here, the particular section of the statute of limitations relied upon was not designated at trial, the availability of that section as a defense will not be considered on appeal. Tritthart v. Tritthart, *supra;* Wasatch Mines Co. v. Hopkinson, *supra.*

■ ■ The appellant also alleges that the trial court erred when it found that the "Sullivan mucking machine" was not purchased under a rental-purchase agreement but rather was rented by the appellant from the respondents. This finding is supported by substantial competent evidence and thus will not be disturbed on appeal. Leonardson v. Moon, 92 Idaho 796, 451 P. 2d 542 (1969); Thomas v. Ballou-Latimer Drug Co., *supra.* By way of example, Siler testified that a field manager for Resource told him that Resource was renting rather than purchasing this machine. In reviewing findings of fact to determine whether they are clearly erroneous, regard must be given to the special opportunity of the trial court to judge the credibility of those witnesses who appear personally before it. I.R.C.P. 52(a). With this mandate in mind, we sustain the finding challenged by the appellant.

The appellant's final assignment of error alleges that the trial court erroneously credited the *appellant* with an amount which was about ten dollars greater than that to which it was actually entitled. The respondents maintain that the court's calculations were correct. The error, if any, is in favor of the appellant, and since the respondents do not complain of such error, there is no need to determine the merits of the question. Slusser v. Aumock, 56 Idaho 793, 59 P.2d 723 (1936); Langroise v. Cummings, 123 F.2d 969 (9th Cir. 1942), cert. denied, 316 U.S. 664, 62 S.Ct. 944, 86 L.Ed. 1741 (1942).

Judgment affirmed. Costs to the respondents.

McQUADE, C. J., and McFADDEN, SHEPARD, and BAKES, JJ., concur.