511 P.2d 301

**Clarence A. PLANTING, Plaintiff-Respondent,**

**v.**

**BOARD OF COUNTY COMMISSIONERS OF ADA COUNTY, Idaho, Defendant-Appellant.**

**No. 11080.**

Supreme Court of Idaho.

June 27, 1973.

James E. Risch, Ada County Pros. Atty., Boise, for defendant-appellant.

Moffatt, Thomas, Barrett & Blanton, Boise, for plaintiff-respondent.

McFADDEN, Justice.

At their meeting on April 13, 1970, by order, the Board of County Commissioners

20. Restatement of Restitution § 1 (1937).

21. *Hixon v. Allphin,* 76 Idaho 327, 333, 281 P.2d 1042 (1955).

22. *Id.*

of Ada County (hereinafter referred to as appellant) set the salary of the various county employees for the next ensuing two years. This action was taken pursuant to the then existing statute, I.C. § 31–3106. The salary of Clarence A. Planting, the respondent herein, who was serving as the Clerk of the District Court, ex-officio auditor, recorder, etc., was set at $12,500 per annum.

In 1971, the legislature amended I.C. § 31–3106 (S.L.1971, Ch. 110) to require the county commissioners of each county at the April meeting "to fix the annual salaries of the several county officers, except county commissioners and prosecuting attorneys, as of and from the second Monday of January, for the next ensuing year." This enactment carried an emergency clause which became effective upon its approval on March 12, 1971. At the appellant's meeting of April 12, 1971, the board entered its order which provided:

"NOW, THEREFORE, IT IS HEREBY RESOLVED AND ORDERED That the annual salary of all Ada County elected officials, except the County Commissioners, Prosecuting Attorney and Coroner, shall be an amount in the sum certain which shall be exactly Five Hundred Dollars ($500.00) less than the salary actually paid to the Ada County Commissioners by law for the next ensuing year, i.e., 1972, and which annual salary of each of the Ada County Officers shall be as of and from the second Monday of January for the next ensuing year, i.e., 1972."

When this order was entered, the legislature had fixed the salaries of the Ada County Commissioners at $11,000 per annum.[1] The effect of this order reduced respondent's salary, previously fixed by the April 13, 1970, meeting, from $12,500 per annum, to $10,500 per annum. This order had no effect on the salary of the sheriff,

treasurer or assessor, for their salaries had been set at the April, 1970, meeting at $10,500 per annum for the next two ensuing years.

Respondent appealed to the district court from the appellant's order. In his notice of appeal he stated that the grounds for his appeal were "that said action of the Board of Commissioners of Ada County was unreasonable, arbitrary, capricious, illegal, in violation of the requirements of the Constitution of the State of Idaho, and unlawfully discriminatory against the plaintiff-appellant."

The case was tried before the district court sitting without a jury. The court entered its findings of fact and conclusions of law and ruled that the April 12, 1971, order was "without force and effect" and that the only valid order was the previous order of April, 1970, and that respondent Planting should receive the annual salary of $12,500 for 1972. Following entry of judgment appellants appealed.

 Under long standing precedent, this court has admonished trial courts not to intervene in the determination by county commissioners of county officers' salaries in the absence of an abuse of discretion. Reynolds v. Board of Comm'rs, 6 Idaho 787, 59 P. 730 (1899); Criddle v. Board of County Comm'rs, 42 Idaho 811, 248 P. 465 (1926); Etter v. Board of County Comm'rs, 44 Idaho 192, 255 P. 1095 (1927); Huffaker v. Board of County Comm'rs, 54 Idaho 715, 35 P.2d 260 (1934); Dygert v. Board of County Comm'rs, 64 Idaho 161, 129 P.2d 660 (1942). However, in this case the trial court specifically found: that the court modernization act increased the respondent's responsibilities for records, clerical personnel, accounting, distribution of funds and providing transcripts of the proceedings of the magistrates court; that implementation of the magistrates court rules by the supreme

---

1. S.L.1971, Ch. 221. This provision fixed the salaries of the County Commissioners of the several counties. The act which carried an emergency section was approved March 24, 1971, and also provided the salaries were to be retroactive to January 1, 1971.

court increased the workload and responsibilities of respondent; that appellant reduced the clerk's salary by $2,000 while the respondent's staff increased from 30 to 44 employees; that the court modernization act increased the respondent's workload while the appellant anticipated it would relieve the respondent of work; that the 1970 election law reform placed added responsibilities and duties in the respondent; that the jury qualification and selection act of 1971 placed new duties and responsibilities on the respondent; that by law the respondent is clerk to the magistrates division, auditor of the county, recorder of the courts, clerk of the board of county commissioners, and budget officer for the county; that the "overriding criteria" used by appellant in reducing the respondent's salary was "the belief that since the legislature had fixed the salary for their "full-time positions' at $11,000 each per year, they should receive more than any other county officer"; that "during 1970 and 1971 plaintiff [respondent] and defendant [appellant] had numerous disagreements ranging from jurisdictional disputes, personnel problems, disagreement over the defendant's [appellant's] acts in purchasing the Arts and Commerce Building, budgeting funds for an airport, purchase of a printing press to disagreements over the purchase of a cash register and disputes over a petty cash fund"; that

"In 1971 plaintiff had all of the duties, responsibility and work load he had in 1969 and 1970. In addition he had the tremendous addition of the court reorganization which had already increased his staff from 30 to 44 by April, 1971 (Commission Chairman Swenson thought plaintiff's staff was 30 to 35 during 1971). In addition, by April, 1971, plaintiff had the additional duties, responsibilities and work load of county election officer and county jury commissioner"; that

"Despite defendants' contention that in fixing plaintiff's salary at $500.00 below their own, they in 1971 considered his duties, responsibilities, work load and ap-plied their yardstick of 'a fair day's wage for a fair day's work,' the evidence clearly establishes that they either gave absolutely no consideration to plaintiff's duties, responsibilities and work load, or if they did consider those, their consideration was based on false or erroneous facts";

and, that

"Despite defendants' contentions that none of their personal differences with plaintiff influenced them in reducing plaintiff's salary from $12,500.00 per annum to some indefinite and undetermined, but lower figure, their expressed desire that plaintiff realize they were the 'boss' appears to have overridden all other considerations in the action they took."

On the basis of these findings the trial court concluded that the appellant abused its discretion in issuing its April 12, 1971, order. Here the trial court evaluated the testimony of the witnesses, and under such circumstances, the credibility of the witnesses and the weight to be afforded their testimony is exclusively within the province of the trial court. Huppert v. Wolford, 91 Idaho 249, 420 P.2d 11 (1966); Ivie v. Peck, 94 Idaho 625, 495 P.2d 1110 (1972); Church v. Roemer, 94 Idaho 782, 498 P.2d 1255 (1972). There is competent evidence to sustain the findings of fact upon which the trial court concluded that there was an abuse of discretion on the part of the Board. There being such competent and substantial evidence to sustain the findings, this court cannot set them aside. Resource Engineering, Inc. v. Siler, 94 Idaho 935, 500 P.2d 836 (1972); Leonardson v. Moon, 92 Idaho 796, 451 P.2d 542 (1969); Fairchild v. Mathews, 91 Idaho 1, 415 P.2d 43 (1966). The conclusions of law based on these findings are fully sustained by the record.

Although the district courts are admonished not to intervene in fixing salaries of the county officers by county commissioners, this case differs from the usual set of circumstances. In this case we are

presented with specific, definite, findings of fact which are substantiated by the record, stating that the appellant abused its discretion. In light of these findings we are compelled to sustain the trial court's judgment.

Because of the trial court's holding that the appellant abused its discretion, there is no reason to consider whether the order complied with the provisions of I.C. § 31–3106, that "[i]t shall be the duty of the board of county commissioners * * * *to fix the annual salaries* * * *" or of Idaho Const. Art. 18, § 7, that "[a]ll county officers * * * shall receive, as full compensation for their services, *fixed annual salaries* * * *." (Emphasis supplied.) The abuse of discretion taints the appellant's order of April 12, 1971.

The judgment of the district court voiding appellant's April 12, 1971, order and reinstating the April 13, 1970, order fixing respondent's salary for 1972 at $12,500.00 is affirmed.

Costs to respondent.

DONALDSON, C. J., and SHEPARD, McQUADE and BAKES, JJ., concur.