525 P.2d 965

ACE SUPPLY, INC., an Idaho corporation, Plaintiff-Respondent,

v.

ROCKY–MOUNTAIN MACHINERY COMPANY, an Idaho corporation, Defendant-Appellant.

No. 11408.

Supreme Court of Idaho.

Aug. 13, 1974.

**184**

Robert M. Kerr, Jr., Blackfoot, for defendant-appellant.

William F. Yost, III, Nampa, for plaintiff-respondent.

SHEPARD, Chief Justice.

This is an appeal by defendant-appellant Rocky-Mountain Machinery Company from a judgment in favor of plaintiff-respondent Ace Supply, Inc. in the amount of $4,000 as damages for conversion of a tractor.

The following facts were found by the district court and are not in dispute herein. Rocky-Mountain was a corporation selling John Deere equipment in the area of Bingham County, Idaho. A majority of its stockholders and directors became involved as stockholders and directors in Bannock Machine Company. Their purpose was to establish a dealership for John Deere farm equipment in Bannock County, Idaho. The directors of Rocky-Mountain as individuals guaranteed the debts of Bannock Machine Company to John Deere Company. Leon Dance was the general manager of Bannock Machine Company and apparently owned one-sixth of the stock in the corporation. Bannock Machinery, through its manager Dance, and over a period of time made several purchases of farm equipment from Ace Supply, Inc. Those transactions were conducted by one Delwin Woerman, the president and principal stockholder of Ace Supply. Bannock is not a party to this action.

On or about November 5, 1969, Bannock was indebted to Ace Supply in an amount exceeding $4,000. On or about that date Woerman and Dance, while on the Bannock premises, negotiated toward the payment of that debt. Dance, on behalf of Bannock, agreed to sell Ace Supply a used model 4020 John Deere tractor. The consideration for the sale of that tractor was to be the cancellation of Bannock's indebtedness to Ace. The tractor was valued at, at least $4,000. Dance determined that the tractor could possibly be sold to another party for more than $4,000 and therefore the sale agreement provided that the tractor would remain on the Bannock premises until needed by Ace and that during that period of time Bannock would have the right to sell the tractor for a sum in excess of $4,000 and keep all proceeds which were received above and beyond the sum of $4,000. Dance kept a duplicate of the

writing setting forth that agreement as a part of the ordinary business records of Bannock.

At approximately the same time the directors of Bannock Machine Company decided to liquidate that business. All but one of the directors of Bannock were also directors of Rocky-Mountain and were stockholders of both corporations. They determined to move all of the assets of Bannock, including the disputed tractor to Rocky-Mountain's premises in Bingham County. Since the directors of Bannock were individually liable for the then indebtedness from Bannock to John Deere they caused Rocky-Mountain to assume a part of that indebtedness and to give John Deere Company a floor plan security for the assumed debts.

Further findings of the district court, which are in dispute herein, are as follows:

The manager of Rocky-Mountain, one Howard Harrington, had actual knowledge of the transaction involving the tractor sale from Bannock to Ace. Ace made demand on Rocky-Mountain for possession of the tractor but Rocky-Mountain refused that demand; Rocky-Mountain rented the tractor to other persons on several occasions. After the commencement of this action Rocky-Mountain in the spring of 1971 sold the tractor to an unidentified third party; that the assets of Bannock were moved in bulk to Rocky-Mountain's premises in Bingham County for the purposes of liquidation.

The district court concluded that Dance, on behalf of Bannock, had apparent authority to enter into the contract for the sale of the tractor to Ace in satisfaction of its indebtedness to Ace, and that Dance had actual authority to act for Bannock in matters of liquidation. The court determined that no fraud was involved in this transaction between Bannock and Ace and that Rocky-Mountain gained no greater title to the tractor than Bannock had at the time of the transfer in bulk. The court also concluded that Rocky-Mountain, be-

cause of its joint directorship and ownership with and of Bannock, was chargeable with all knowledge that Bannock had regarding the sale of the tractor to Ace and the subsequent entrusting of possession of the tractor to Bannock. Finally, the court determined that the conduct of Rocky-Mountain constituted an unlawful conversion of the tractor.

Rocky-Mountain contends on this appeal that Dance had no actual or apparent authority to sell the tractor to Ace in satisfaction of the debt since the board of directors of Bannock had voted that no further business would be transacted after October 15, 1969. It was admitted, however, that no notice had been furnished of the impending liquidation to any of Bannock's creditors. No petition in bankruptcy had been filed. No notice was furnished Bannock's creditors of the impending bulk transfer of Bannock's assets. No assignment for the benefit of creditors had been made. Additionally, there is substantial evidence in the record that Dance had actual authority and continued to act on behalf of the joint board of directors of Bannock and Rocky-Mountain in regard to matters concerning Bannock's liquidation. Prior to the liquidation of Bannock, Dance, as general manager, had authority to buy and sell equipment and pay debts of the corporation.

The finding of the district court that Dance had at least apparent authority to consummate the sale of the tractor to Ace is supported by substantial competent evidence, is not clearly erroneous and will not be disturbed on appeal. I.R.C.P. 52(a). Planting v. Board of County Commissioners of Ada County, 95 Idaho 484, 511 P.2d 301 (1973); Leonardson v. Moon, 92 Idaho 796, 451 P.2d 542 (1969).

There being substantial evidence to support a finding that Dance had apparent authority to execute the contract in question, there can be no objection to the admission of the contract itself as evidence.

Although appellant contends otherwise, the determination of the district

court that the transaction between Woerman and Dance on November 5, 1969, constituted a completed and then present sale of the tractor from Bannock Machinery to Ace Supply, finds substantial support in the evidence. It is further supported by the applicable law and therefore will not be disturbed on this appeal.

Appellant contends that the written agreement between Dance and Woerman constituted only an executory contract which is merely a contract to sell goods at a future time. We do not agree. That written agreement is clearly adequate as a contract of sale when measured against the requirements of the Uniform Commercial Code. It contains the date, identifies the buyer and the seller and specifies exactly the model, make and serial number of the tractor, lists the amount and nature of the consideration and is signed by an agent of each corporation. *See* I.C. § 28–2–201; I.C. § 28–2–205; I.C. § 28–2–106. We hold therefore that title to the tractor passed to Ace at the time of execution of the contract of sale and that the transaction between Dance and Woerman constituted a present, binding and completed sale.

■ Appellant further argues that the contract was admitted in evidence before the establishment of Dance's authority to execute the contract. The record reveals, however, that the district court's admission of the document was conditional and the court explicitly reserved consideration of the contents of the document until a sufficient showing of agency had been made. We find no error therein.

■ Appellant also contends the court erred in allowing Woerman to testify that he and Dance agreed orally that if Dance was unable to sell the tractor to a third party for a sum in excess of $4,000 that Ace would then take the tractor. That parol evidence did not contradict those contractual provisions expressed in the writing and as such was properly admitted. I.C. § 28–2–202.

■ Appellant makes other assignments of error suggesting fraud on behalf of Ace in obtaining a fraudulent preference over other creditors of Bannock and that the court erred in failing to make a finding that Bannock was unable to pay its creditors in full. The above discussion relating to the almost complete interlocking directorate and ownership of the two corporations, Rocky-Mountain and Bannock, and the finding of the district court which is sustained by the evidence that "Defendant [Rocky-Mountain] herein dealt with the assets of Bannock Machine Company as an entity under the will and direction of the majority of the board of directors of defendant [Rocky-Mountain] herein which said board of directors also controlled Bannock Machine Company * * *" prevents Rocky-Mountain from establishing itself as an innocent and defrauded creditor of Bannock by reason of the sale of the tractor to Ace.

■ Appellant also argues that the trial court committed error when at the conclusion of plaintiff's case an amendment was permitted to change plaintiff's prayer for relief from claim and delivery for possession of the tractor to one seeking damages for conversion. The record is clear that sometime following the filing of this action by Ace and in the spring of 1971 Rocky-Mountain sold the tractor in question. If, as is apparent, there was a need for an amendment of the pleadings to conform to the proof such was brought about by and is the responsibility of Rocky-Mountain. They obviously had notice that the tractor was not in their possession and had been sold prior to the trial of the action. They cannot then claim surprise. They have shown no prejudice as a result of such permitted amendment and the record contains no indication of a request for a continuance by Rocky-Mountain.

The judgment of the trial court is affirmed. Costs to respondent.

DONALDSON, McQUADE, McFADDEN and BAKES, JJ., concur.